CITIZENS FEDERAL SAVINGS AND LOAN
ASSOCIATION OF DAYTON, Appellee,

v.

CORE INVESTMENTS et al., Appellants.

[Cite as *Citizens Fed. S. & L. Assn. of Dayton v.
Core Investments* (1992), 78 Ohio App.3d 284.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–643.

Decided Feb. 11, 1992.

*Taft, Stettinius & Hollister, Lawrence D. Walker* and *Mark A. Ferguson,* for appellee.

*Isaac, Brant, Ledman & Becker, J. Stephen Teetor* and *Barbara L. Kozar,* for appellants.

STRAUSBAUGH, Judge.

Defendants appeal the cognovit judgment taken against them in the Franklin County Court of Common Pleas.

On May 20, 1991, plaintiff, Citizens Federal Savings and Loan Association of Dayton, filed a complaint on a cognovit note with the Franklin County Court of Common Pleas. The complaint alleged that defendants were in default on the note, a copy of which was attached to the complaint. The note contained a warrant of attorney permitting any attorney to confess judgment against defendants. Defendants are two married couples—the Clutters and the Smiths—and Core Investments, a partnership which includes Mr. Clutter and Mr. Smith.

Significantly, the payee shown on the note was CitFed Mortgage Corporation of America ("CitFed"), not plaintiff, and nowhere in the pleadings is it averred that the note was assigned to the plaintiff. Nevertheless, based on the complaint, the attached note, and the warrant of attorney, the trial court entered judgment against the defendants.

In this appeal, defendants (hereinafter "appellants") set forth three assignments of error for our review:

"1. The trial court erred in granting a cognovit judgment to plaintiff where the warrant of attorney authorizes confession only in favor of 'the Lender or Note Holder' and the record fails to establish that plaintiff was the 'Lender' or 'Note Holder.'

"2. When defects exist in the pleadings concerning the number of cognovit notes, the interest to be applied, and the requisite notice required under the note, the cognovit judgment should be vacated as a matter of law.

"3. Where the enforceability or validity of a cognovit note is the subject of a pending action, any claims on the note must be asserted as a compulsory counterclaim in that action and the confession of defendants, made by an attorney employed by plaintiff and in a subsequent action, is improper."

We find merit in appellants' first assignment of error. The appellants are correct that the record does not establish that appellee was entitled to obtain judgment by the terms of the note. Appellee did not meet the qualifications set out in the note for those entitled to enforce it.

The note provides that only a "note holder" and "lender" are entitled to enforce their rights under the note, including the confession-of-judgment

provision. The appellee was not the lender, and no evidence was presented that appellee was a "note holder."

As defined in paragraph one of the note, a "note holder" is anyone who takes the note by transfer and is entitled to receive payments under it. While possession alone would evidence that appellee was a transferee (*i.e.*, one having a possessory interest in the note), possession alone does not establish that the party is entitled to receive payments under it. *Hoffmaster v. Black* (1908), 78 Ohio St. 1, 6, 84 N.E. 423, 424, citing Mechem on Agency, Section 373; *Doubleday v. Kress* (1872), 50 N.Y. 410.

Some proof, such as an affidavit, was needed to prove the assignment of the note and, hence, entitlement by appellee to payments under it. However, no such evidence was provided. In lieu of an affidavit, an endorsement of the note would have shown entitlement to receive payments and, thus, status as a "note holder"; however, at the time the judgment was granted, no endorsement had been made. Without proof that appellee was a "note holder," the trial court erred in granting judgment on the note.

Moreover, the trial court erred in granting judgment to the appellee because no assignment was pled. The pleading of an assignment of a note is necessary in order to obtain judgment on it. *Byington v. Geddings* (1826), 2 Ohio St. 227. Thus, the first assignment of error is sustained.

The second assignment of error is that the judgment granted should be vacated because it is incorrect, based upon defects in the pleadings. More specifically, appellants contend there are five defects in the judgment: (1) the judgment refers to promissory notes when only one note is attached to the complaint; (2) the judgment entry provides for interest at the rate of $816.67 until paid in full without stating the time period the interest is to be calculated on, such as daily or monthly; (3) the judgment provides for a fixed rate of interest when the terms of the note require a variable rate; (4) the judgment was granted despite failure of appellee to give required notice; and (5) the judgment entry was granted despite appellee's failure to attach the Security Instrument and Rider referred to in the note.

In examining the alleged defects, we find that judgment was granted in error. First, the trial court erred in referring to notes when suit had been brought on only one note. If the error was a clerical error, it should be corrected since the judgment is incorrect as it reads. Furthermore, the interest rate is not attached to a time period, such as "per diem." The judgment is incomplete as it stands. Further, the rate of interest will no longer be variable after judgment is rendered.

Last, the judgment is in error because it was apparently granted without adequate supporting documentation, *i.e.*, the Security Instrument and Rider. The note says these documents are to be used to determine how and under what conditions acceleration of the note payments might be had. Without these documents, the trial court would be without vital information to assess whether acceleration was proper.

While ample support is available for vacating the judgment, we do not conclude it should be vacated because appellants were not given written notice of the acceleration of payments. The terms of the note state that the note holder *may* give notice. Thus, this language is permissive and not mandatory, not a requirement that the note holder give notice. Hence, because there was no notice given does not mean the judgment was taken in error.

For the reasons stated above, appellants' second assignment of error is sustained.

As to the third assignment of error, appellants contend that when a declaratory judgment action concerning the enforceability or validity of a cognovit note is filed, any claims on the note must be asserted as compulsory counterclaims in the declaratory judgment action. For this proposition, appellants rely upon Civ.R. 13(A).

We do not agree with the appellants' contention. Before it is necessary to state as a counterclaim any claim arising out of the transaction or occurrence that is the subject matter of the opposing party's claim, the opposing party must have *commenced* his action against the party with the "counterclaim." Commencement requires not only the filing of a complaint but, also, service of the complaint in accordance with the Civil Rules. See Civ.R. 3(A).

In the case *sub judice*, the record shows that the appellants had filed their declaratory judgment action prior to the appellee's filing for the cognovit judgment; however, appellants had not obtained service on the appellee by one of the means specified by the Civil Rules prior to appellee's filing suit. Thus, appellants had not commenced suit, and appellee was not required to file its claim as a counterclaim. Accordingly, appellants' third assignment of error is overruled.

Last, appellee has filed a motion requesting that this appeal be dismissed on the grounds that the terms of the note preclude appeal. Even if the provision in the note waiving appeal is not void as against public policy, the provision waiving appeal may be enforced only by those parties to the agreement—the lender or note holder. Because, as discussed in the first assignment of error, appellee has failed to establish that it is either the lender

or note holder, appellee is precluded from enforcing this provision. We, therefore, overrule appellee's motion to dismiss.

For the foregoing reasons, appellee's motion to dismiss is overruled, appellants' first and second assignments of error are sustained, and the third assignment of error is overruled. The judgment is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Motion to dismiss overruled;*
*judgment reversed*
*and cause remanded.*

McCORMAC and TYACK, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting and hearing the appeal pursuant to active duty prior to his retirement, and assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution, subsequent to his retirement.