JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Highpoint Truck Terminals and Inderjit Soni ("Highpoint" and "Soni" individually and "appellants" collectively), appeal the trial court's decision that denied their motion for relief from a cognovit judgment entered in favor of plaintiff-appellee, Richfield Purchasing, Inc. ("Richfield"). For the reasons that follow, we reverse and remand.
 {¶ 2} Richfield filed a complaint on a cognovit promissory note with confession of judgment.
 {¶ 3} The terms of the "cognovit promissory note" between appellants and Richfield require appellants to perform work required by the Environmental Protection Agency ("EPA") to remove and remediate all "Hazardous Substances (as defined in a certain Lease Agreement between [Appellants] and [Richfield] * * *.)" The terms further provide for payment by appellants to Richfield in the "Event of Default" as defined in the note. And, the terms provide for offset of the principal balance by all costs incurred by appellants for the "Work" provided certain other conditions are met, including that appellants secure Richfield's written approval prior to paying the costs.
 {¶ 4} On August 13, 2001, the trial court entered judgment for Richfield by confession. On November 14, 2001, appellants moved for leave to file an amended answer and counterclaims and/or for relief from judgment. The trial court denied appellants' motion for relief from judgment.
 {¶ 5} Appellants present four assignments of error for our review, which we will address out of order for ease of discussion.
 {¶ 6} "I. The Court should have vacated the judgment because it was void."
 {¶ 7} Appellants argue that the cognovit promissory note does not comply with R.C. 2323.13(D) because they believe the requisite statutory language does not appear more clearly and conspicuously than anything else in the document. We do not agree.
 {¶ 8} The language is contained in all capital letters and preceded by the term "WARNING" that is also all capitalized and the only term within the document text that is underlined. It is the only paragraph in the document text that is not indented. The warning provision immediately precedes appellants' signatures. For these reasons, the warning provision does appear more conspicuous than anything else in the document. SeeMedina Supply Co. v. Corrado (1996), 116 Ohio App.3d 847.
 {¶ 9} Assignment of Error I is overruled.
 {¶ 10} "III. The Court should at least have held a hearing before denying the motion."
 {¶ 11} "Cognovit judgments must be strictly construed and applied.Lathrem v. Foreman (1958), 168 Ohio St. 186 ; The Peoples Banking Co.v. Brumfield Hay Grain Co. (1961), 172 Ohio St. 545, 548 . In order for a cognovit judgment to be valid, the terms of the note itself must be sufficient to facially support the judgment for which confession is made." Gunton Corp. v. Thomas G. Banks, Franklin App. No. 01AP-988, 2002-Ohio-2873, ¶ 9. If the note refers to other documents that are necessary in understanding the material terms of the note, the supporting documents must be submitted in order to obtain a valid cognovit judgment. Bank One, N.A. v. Devillers, Franklin App. No. 01AP-1258, 2002-Ohio-5079, citing Citizens Fed. S. L. Assn. of Dayton v. CoreInvestments (1992), 78 Ohio App.3d 284.
 {¶ 12} In this case, the note refers to other documents that include unspecified EPA orders and/or work plans and a Lease Agreement. These documents are necessary in understanding the material terms of the note but were not submitted with the complaint. The cognovit judgment was not valid without this supporting documentation and the trial court should have held a hearing on appellants' motion for relief from judgment to consider this evidence.
 {¶ 13} A hearing was also warranted prior to ruling on appellants' Civ.R. 60(B) motion based on appellants' allegations and documents they submitted in support thereof.
 {¶ 14} Where the judgment sought to be vacated is a cognovit judgment, the party need only establish a meritorious defense in a timely fashion. Medina Supply Co., 116 Ohio App.3d 847, 850; Davidson v.Hayes (1990), 69 Ohio App.3d 28; Matson v. Marks (1972),32 Ohio App.2d 319, 323-324. The decision whether to grant relief from judgment lies within the discretion of the trial court. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 15} If the movant files a motion for relief from judgment and it contains allegations of operative facts, which would warrant relief under Civ.R. 60(B), the trial court should grant a hearing to afford the movant an opportunity to present evidence in support of the motion before it rules on the motion. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,104, 105; Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16.
 {¶ 16} In examining whether appellants sufficiently alleged a meritorious defense, we must be mindful that a movant need not prove he will prevail on that defense. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. Appellants contend, inter alia, that they incurred and paid expenses that either offset or satisfied the amount due on the note. The note itself provides for offset of the principal balance due upon the satisfaction of various criteria. Whether this provision was satisfied again requires reference to other documents besides the note itself, such as written invoices, written evidence of payment, written certifications, and written approvals. Appellants submitted affidavits, correspondence, and other documents that, if accepted as true, could substantiate their claims. Other evidence in the record suggests that Richfield ceased rent payments in 1999 claiming them as a setoff for amounts due under the note. Notwithstanding, the cognovit judgment was awarded for the total value of the note.
 {¶ 17} Setoff or satisfaction of a note does constitute a meritorious defense to a cognovit judgment. See Masters Tuxedo Charleston, Inc. v.Krainock, Mahoning App. No. 02 CA 80, 2002-Ohio-5235; see, also, SouderAssociates, Inc. v. Short Stop Convenience Marts, Inc. (Aug. 24, 1976), Franklin App. No. 75AP-634. Appellants sufficiently alleged a meritorious defense and satisfied the first criteria necessary to be afforded relief from judgment.
 {¶ 18} Next, we examine whether the motion for relief from judgment was made within a reasonable time. The record reflects that judgment was entered without notice to appellants in August 2001. The parties agree that appellants received notice of the judgment in September 2001 and that the motion for relief from judgment was filed in November 2001. Thus, appellants filed the motion within 60 days of notice and provided additional reasons for not filing it sooner, including efforts to negotiate a settlement with Richfield prior to a scheduled case management conference.[1] Under the circumstances, we find the motion was filed within a reasonable time.
 {¶ 19} Based on the foregoing, Assignment of Error III is sustained and the remaining assignments of error are overruled as moot. See App.R. 12(A)(1)(c).
Judgment reversed and remanded for further proceedings consistent with this opinion.
It is ordered that appellants recover of appellee their costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Gallagher, J., concur.
[1] Appellants also claim they were gathering information and that "holidays, vacation schedules, and the press of business [of appellants' counsel]" also delayed filing the motion.