KLOSTERMAN, Appellee,

v.

TURNKEY–OHIO, L.L.C., et al. Appellees; Klaus, Appellant.

[Cite as *Klosterman v. Turnkey–Ohio, L.L.C.*, 182 Ohio App.3d 515, 2009-Ohio-2508.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–774.

Decided May 28, 2009.

Hrabcak & Company, L.P.A., Michael Hrabcak, and Heidi A. Smith, for appellee Kevin Klosterman.

Law Offices of James P. Connors and James P. Connors, for appellant.

FRENCH, Presiding Judge.

{¶ 1} The issue presented in this appeal is whether a trial court has subject-matter jurisdiction to render judgment on a note, purported to be a cognovit note, that does not contain a warrant of attorney. We conclude that a trial court does not have subject-matter jurisdiction in these circumstances.

{¶ 2} On November 16, 2005, plaintiff-appellee, Kevin Klosterman, filed a complaint against Turnkey–Ohio, L.L.C., the Franklin County treasurer, Mortgage Electronic Registration Systems, Inc. ("MERS"), Dominic Chieffo, Phillip Meyer, Steve Vilardo, and defendant-appellant, Frederick M. Klaus. The complaint contained three causes of action.

{¶ 3} In his first cause of action, Klosterman alleged that he held a cognovit note in the amount of $75,000, granted to him by Turnkey, Vilardo, and Klaus.

As security for the note, Turnkey granted to Klosterman a mortgage in the amount of $75,000. While Turnkey, Vilardo, and Klaus had made some payments to Klosterman on the note, a balance of $42,984.88 was due and owing. Klosterman sought a determination that the mortgage was valid, foreclosure upon and sale of the property subject to the mortgage, and payment of the proceeds to him.

{¶ 4} In his second cause of action, Klosterman alleged that Turnkey, Vilardo, and Klaus were in default on the cognovit note. He sought damages in the amount of $42,984.88, plus interest "or an amount to be determined at trial."

{¶ 5} In his third cause of action, Klosterman alleged that Turnkey, Vilardo, and Klaus had been unjustly enriched. Klosterman again sought damages in the amount of $42,984.88, plus interest "or an amount to be determined at trial."

{¶ 6} Important for our purposes on appeal, attached to the complaint is one page of a document entitled "PROMISSORY NOTE (With Cognovit Provision)." The note does not contain a second page or signatures.

{¶ 7} Contemporaneous with the complaint, an answer signed by Frederick J. Simon, an attorney, was filed. The answer waived service and confessed judgment in favor of Klosterman and against Turnkey, Vilardo, and Klaus "[b]y virtue of the warrant of attorney contained in the Cognovit Note, copies of which are attached to the Complaint herein." The answer confessed judgment in the amount of $42,984.88, plus interest from April 1, 2005.

{¶ 8} Twenty minutes after the filing of the complaint and answer, a judgment entry was filed. The entry stated that Klosterman, his attorney, and Simon had appeared before the trial court and "produced the warrant of attorney contained in the Cognovit Note, a copy of which is attached to the Complaint herein." The court found that Turnkey, Vilardo, and Klaus had signed the note and the warrant of attorney and that the note contained the warning language required by R.C. 2323.13(D) for cognovit notes. The court entered judgment in favor of Klosterman and against Turnkey, Vilardo, and Klaus in the amount of $42,984.88, plus interest from the date of the judgment.

{¶ 9} The record indicates that service was initially attempted upon all of the named defendants except Klaus. Service was initially successful only as to the treasurer, who answered thereafter. In a praecipe filed on January 17, 2006, Klosterman requested service upon Vilardo, Klaus, and Meyer. A certified-mail receipt indicates that Klaus was served on January 20, 2006; he filed an answer on June 12, 2006.

{¶ 10} From this point forward, the record becomes confusing, to say the least. The following filings and events are important for our purposes.

{¶ 11} In June 2006, Klosterman moved for summary judgment against Turnkey, Vilardo, MERS, and Klaus. Klosterman attached what he purported to

be the cognovit note signed by Turnkey, Vilardo, and Klaus, and it contained two pages. The second page contained bold-print warning language required by R.C. 2323.13. The second page also contained signatures by Vilardo and Klaus, both individually and as officers of Turnkey.

{¶ 12} Klaus filed a memoranda contra to the motion for summary judgment. While he raised a number of legal and factual arguments, Klaus did not raise any issues concerning the content or structure of the note.

{¶ 13} In July 2007, Klaus filed a motion for reconsideration of the court's November 16, 2005 cognovit judgment. Klaus argued that Klosterman had used the judgment to collect more than twice the value of the note and that the warning language contained in the note did not meet statutory requirements. Klosterman filed a memorandum contra Klaus's request for reconsideration. Thereafter, Klaus filed a reply, which argued, for the first time, that the note did not contain a warrant of attorney. Klosterman filed a motion to strike Klaus's reply because it raised this new issue.

{¶ 14} On August 5, 2008, the trial court issued a decision and entry that (1) struck Klaus's reply, which had raised the warrant-of-attorney issue, because it was an issue not raised in his initial motion, and (2) denied Klaus's motion for reconsideration of the November 16, 2005 cognovit judgment because the note met statutory requirements.

{¶ 15} On September 4, 2008, Klaus moved for reconsideration of the August 5, 2008 decision. He also appealed the August 5, 2008 decision to this court. This court remanded the case to the trial court for a ruling on the September 4, 2008 motion for reconsideration.

{¶ 16} On December 30, 2008, the trial court issued a decision and entry that denied Klaus's motion for reconsideration. The court concluded that the note met statutory requirements.

{¶ 17} On appeal before this court, Klaus raises the following assignments of error:

1. The trial court erred by granting a cognovit judgment to appellee Kevin Klosterman because the trial court lacked subject matter jurisdiction; the judgment was void *ab initio* since the note did not contain a cognovit provision or a warrant of attorney.

2. The trial court erred by denying appellant's motions for reconsideration to vacate the judgment because the judgment was void *ab initio* since the note did not contain a cognovit provision or a warrant of attorney.

{¶ 18} We begin with Klaus's first assignment of error, which argues that the trial court lacked subject-matter jurisdiction to render a judgment on the cognovit note because the note did not meet statutory requirements. We agree.

{¶ 19} The purpose of a cognovit note is to allow the holder of the note to obtain judgment quickly and without a trial. *Sky Bank v. Colley*, 10th Dist. No. 07AP–751, 2008-Ohio-1217, 2008 WL 714063, ¶ 7. R.C. 2323.12 and 2323.13 govern a trial court's jurisdiction over cognovit notes. All of the requirements contained within these statutory provisions must be met in order for a valid judgment to be granted upon a cognovit note or for a court to have subject-matter jurisdiction over it. Id. at ¶ 9, citing *Taranto v. Wan–Noor* (May 15, 1990), 10th Dist. No. 90AP–1, 1990 WL 63036. We review the issue of subject-matter jurisdiction de novo. *Cheap Escape Co., Inc. v. Tri–State Constr., L.L.C.*, 173 Ohio App.3d 683, 2007-Ohio-6185, 880 N.E.2d 122, ¶ 18.

{¶ 20} R.C. 2323.12 provides that "[a] person indebted, or against whom a cause of action exists, may personally appear in a court of competent jurisdiction, and, with the assent of the creditor, or person having such cause of action, confess judgment; whereupon judgment shall be entered accordingly."

{¶ 21} R.C. 2323.13 provides:

(A) An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession. * * * [J]udgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney.

\* \* \*

(D) A warrant of attorney to confess judgment contained in any promissory note * * * executed on or after January 1, 1974, is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signatures of the makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document: "Warning—By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause."

{¶ 22} Here, the one-page note attached to Klosterman's complaint meets none of these requirements. It contains no warrant of attorney and no warning

language. It does not even contain signatures. Nevertheless, throughout these proceedings, Klosterman has asserted that the note does contain signatures, a warrant of attorney, and the cognovit warning. To prove it, he attached to his motion for summary judgment and other filings a two-page note that contains the signatures of Vilardo and Klaus, individually and on behalf of Turnkey. But even if we were to accept Klosterman's assertion that this two-page note is the note at issue, we would still conclude that it does not meet statutory requirements.

{¶ 23} First, contrary to Klaus's argument, the cognovit warning language contained in the note does comply with R.C. 2323.13(D). The warning is in bold print and set apart from the other terms of the note, immediately above the signature lines. It quotes the statutory warning verbatim.

{¶ 24} The note does not comply with R.C. 2323.13(A), however, because it contains no warrant of attorney. Despite Simon's answer and the trial court's judgment entry, both of which state that the note contains a warrant of attorney, the one-page note attached to the complaint contains no warrant of attorney. And, even if we were to accept Klosterman's assertion that the two-page note is the note at issue, and even if we were to assume that this is the note produced to the trial court, we would still conclude that it does not comply with R.C. 2323.13 because it does not contain a warrant of attorney.

{¶ 25} Because the cognovit note on which the trial court rendered its November 16, 2005 judgment does not comply with R.C. 2323.13, the court lacked subject-matter jurisdiction to render judgment. That judgment, therefore, is void ab initio. *Taranto*, 1990 WL 63036, citing *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941. We sustain Klaus's first assignment of error.

{¶ 26} Our ruling on Klaus's first assignment renders his second assignment of error moot, and we overrule it on these grounds. Our conclusion that the trial court's November 16, 2005 judgment is void ab initio also renders moot the motions to dismiss and motion to strike pending before this court, and we deny them on these grounds.

{¶ 27} In summary, we sustain Klaus's first assignment of error, overrule his second assignment of error, and deny all pending motions to dismiss this appeal and motion to strike. We reverse the judgment of the Franklin County Court of Common Pleas, and we remand this matter to that court for further proceedings consistent with this opinion and law.

> Judgment reversed
> and cause remanded;
> motions denied.

SADLER and CONNOR, JJ., concur.