[Cite as *Century Natl. Bank v. Gwinn*, 2012-Ohio-768.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| Century National Bank, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | Case No. 11CA20 |
| Susan Gwinn, Individually and as Trustee of the McClanahan Trust Dated June 5, 2008, et al., | : | DECISION & JUDGMENT ENTRY |
| Defendants-Appellants. | : | **RELEASED: 02/22/12** |

APPEARANCES:

Scott D. Eickelberger, Kincaid, Taylor & Geyer, Zanesville, Ohio, for appellee.

Claire M. Ball, Jr., Athens, Ohio, for appellants.

SADLER, J.

{¶1}   Defendants-appellants, Susan Gwinn, individually and as trustee of the McClanahan Trust, appeal from a judgment of the Athens County Court of Common Pleas entering a cognovit judgment in favor of plaintiff-appellee, Century National Bank, and ordering foreclosure on certain real property.  For the reasons that follow, the judgment of the trial court is affirmed in part and reversed in part.

{¶2}   On February 27, 2009, Gwinn executed a promissory note ("note"), individually and as trustee of the McClanahan Trust, to appellee.  The note, with a principal amount of $825,000 and an interest rate of 6.5 percent per annum, required payment on August 27, 2009.  The note contained a cognovit provision and was secured by a mortgage that was also dated February 27, 2009.  The mortgage was executed

between appellee and Gwinn, as trustee, and concerned real property located in Athens County, Ohio.

{¶3}    On June 10, 2011, appellee filed a complaint in foreclosure seeking judgment against Gwinn, individually and as trustee, in the amount of $908,535.70, together with interest at the rate of 6.5 percent per annum from April 18, 2011, plus taxes and costs.  In addition to naming Gwinn, appellee named the Athens County Treasurer as a defendant in the complaint and sought a declaration that the mortgage be declared a valid first lien on the property.  A copy of the note was attached to the complaint, as was an affidavit of appellee's vice president, Brian Kaufman, a copy of the mortgage, and a description of the land.

{¶4}    On June 10, 2011, D. Scott Rankin, an attorney, filed an answer on behalf of Gwinn, individually and as trustee, confessing judgment.  Four days later, the trial court filed an entry granting judgment on the cognovit note in favor of appellee and ordering foreclosure of the property.

{¶5}    This appeal followed, and the following four assignments of error are asserted for our review:

> 1.  THE PLAINTIFF FAILED TO JOIN NECESSARY
> PARTIES TO THE ACTION AGAINST APPELLANTS.
>
> 2.  THE TRIAL COURT ERRED IN GRANTING JUDGMENT
> AGAINST THE APPELLANT, SUSAN GWINN,
> INDIVIDUALLY ON THE COGNOVIT NOTE.
>
> 3.  THE TRIAL COURT ERRED IN GRANTING JUDGMENT
> AGAINST APPELLANT, THE MCCLANAHAN TRUST, ON
> THE COGNOVIT NOTE AND MORTGAGE.
>
> 4.  THE TRIAL COURT ERRED IN ORDERING A
> FORECLOSURE OF THE REAL ESTATE ON WHICH
> PLAINTIFF HAD A MORTGAGE.

{¶6}    As appellants' first assignment of error has been voluntarily withdrawn, we begin with the remaining assignments of error.  Additionally, because the second and third assignments of error are interrelated, we will address them together.

{¶7}    In these two assigned errors, appellants contend it was error for the trial court to grant judgment against Gwinn, both individually and as trustee, because the original warrant of attorney was not provided to the trial court prior to it rendering judgment on the cognovit claims.  Appellants also contend that because the amount of the judgment could not be determined from the face of the cognovit note, a valid judgment could not be entered.  In response, appellee first suggests that by signing the cognovit note, appellants waived the right to appeal, and, thus, the appropriate procedure in this instance is for appellants to seek redress by filing a motion for relief from judgment pursuant to Civ.R. 60(B).

{¶8}    While Civ.R. 60(B) relief is often "particularly appropriate" in matters concerning cognovit judgments because of the limited nature of the record of proceedings ordinarily associated with a cognovit judgment, a direct appeal can still be the proper method to challenge a cognovit judgment where the substance of the appeal is not dependent on a record of proceedings.  *Jacobs v. Acacia Chattanooga Vehicle Auction, Inc.*, 10th Dist. No 10AP-1071, 2011-Ohio-3706, ¶18, citing *Heartland Bank v. 4060 Sullivant, Ltd.*, 10th Dist. No. 08AP-226, 2008-Ohio-5495, ¶5.  Because appellants' assignments of error do not concern matters not contained in the record, direct appeal is an appropriate avenue of relief.

{¶9}    As described in *Buehler v. Mallo*, 10th Dist. No. 10AP-84, 2010-Ohio-6349, the nature of a cognovit note is as follows:

> A cognovit note contains provisions designed to cut off defenses available to a debtor in the event of default. * * * The holder of a cognovit note in default obtains a judgment without a trial of possible defenses which the signers of the note might otherwise assert. * * * This is so because, under a cognovit note, the debtor consents in advance to the holder obtaining a judgment without notice or hearing. * * * An attorney, whom the note holder may designate, appears on behalf of the debtor and, pursuant to provisions of the cognovit note, confesses judgment and waives the debtor's right to notice of the proceedings. * * *

Id. at ¶10, quoting *Classic Bar & Billiards, Inc. v. Fouad Samaan*, 10th Dist. No. 08AP-210, 2008-Ohio-5759, ¶8.

{¶10} Appellants first contend that because the attorney confessing judgment failed to present the original warrant of attorney to the trial court prior to its entering judgment, the trial court's judgment is void for noncompliance with R.C. 2323.13(A). Indeed, where a cognovit note does not comply with R.C. 2323.13, the trial court lacks subject-matter jurisdiction to render a judgment, and a judgment entered on that cognovit note is void ab initio. *Klosterman v. Turnkey-Ohio LLC*, 182 Ohio App.3d 515, 2009-Ohio-2508, ¶25. Our review of the issue of subject-matter jurisdiction is de novo. *Buehler* at ¶9, citing *Klosterman* at ¶25.

{¶11} R.C. 2323.13(A) provides that:

> An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession. Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court established under section 1901.01 of the Revised Code, or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where

the maker or any of several makers resides or signed the warrant of attorney. The original or a copy of the warrant shall be filed with the clerk.

{¶12} The Tenth District Court of Appeals had an opportunity to interpret R.C. 2323.13(A) in *Huntington Natl. Bank v. 199 S. Fifth St. Co.*, 10th Dist. No. 10AP-1082, 2011-Ohio-3707, where the court was asked to determine whether R.C. 2323.13 requires the attorney confessing judgment to present the original warrant of attorney to the trial court before the trial court may enter cognovit judgment.  In answering in the affirmative, the court reasoned that had the legislature intended to allow attorneys confessing cognovit judgments to present a copy of the warrant to the court, in addition to allowing a copy of the warrant to be filed with the clerk, the legislature could have so stated.  Id. at ¶17.  Because the legislature used different language in the first and last sentences of R.C. 2323.13(A), the court concluded the legislature intended different results from the different words employed.  Id.  Therefore, the court held, "the language of R.C. 2323.13(A), as the Supreme Court [of Ohio] interpreted it in [*Lathrem v. Foreman* (1958), 168 Ohio St. 186], requires an attorney confessing judgment to present the original warrant of attorney to the trial court at the time the attorney makes the confession; the plaintiff may then choose to file either the original warrant or a copy of it with the clerk for purposes of maintaining the record. Because the requirements of R.C. 2323.13(A) are jurisdictional, plaintiffs failure to present the original note and warrants of attorney renders the cognovit judgment entered void." Id. at ¶21, citing *Klosterman* at ¶25.

{¶13}  It is appellants' position that this case presents a factual scenario akin to that presented in *Huntington*, and, therefore, the judgment of the trial court must be found to be void ab initio.  The fallacy in appellants' argument is that the record before us does

indeed contain the original note and warrant of attorney. While a copy of the note is attached to the complaint, the original note appears in an envelope attached to the court file. The envelope indicates that its contents have been deemed by the court as "non-public" and that its contents are for use only by the court, the attorneys of record, and the clerk of court's office. While appellants allege this envelope was not attached to the court file when counsel reviewed the file after the court rendered judgment, and, thus, the original note could not have been produced to the trial court prior to it rendering judgment, we note that the record contains *no* evidence to support this contention. The original note is in an envelope containing a statement that its contents have been "deemed by the court" as non-public; this clearly indicates the court reviewed its contents. Though appellants contend this was not reviewed by the court until after it rendered judgment, we will not engage in such speculation in the absence of any evidence to support the same.

{¶14} After review, we conclude that the record demonstrates compliance with R.C. 2323.13(A), and, thus, the trial court possessed subject-matter jurisdiction to render the cognovit judgment.

{¶15} Appellants next contend that *Onda, Labuhn, Rankin & Boggs Co., LPA v. Johnson*, 184 Ohio App.3d 296, 2009-Ohio-4726, requires reversal of the trial court's judgment. Though not contesting the amount of the judgment, appellants assert that because the amount of the judgment could not be determined from the face of the cognovit note, pursuant to *Onda*, the trial court lacked jurisdiction to enter said judgment.

{¶16} In *Onda*, judgment was entered against the defendant by confession on a cognovit judgment and the trial court denied the defendant's Civ.R. 60(B) motion for relief from judgment. On appeal, the defendant argued he was entitled to relief from judgment

because the amount owed on the cognovit note could not be determined solely from reading the note. The court concluded that because one had to refer to "the books and records of the Secured Party and the Debtors" to determine the amount due on the note, the note contained ambiguities that required reference to additional documents. Accordingly, the court held the cognovit note was facially insufficient to support a cognovit judgment and that the trial court lacked subject-matter jurisdiction to render the cognovit judgment.

{¶17}  The language in the note before us differs from that at issue in *Onda* to such an extent that we find *Onda* is inapplicable to the matter at hand. The cognovit note at issue here states that appellants promise to pay $825,000 together with interest on the unpaid principal balance from February 27, 2009, until paid in full. The note also contains specified amounts and calculations to be utilized in the event of either prepayment or default. Additionally, the note contains amounts from which late charges can be calculated.

{¶18}  As recognized by the court in *Bank One, N.A. v. Devillers*, 10th Dist. No. 01AP-1258, 2002-Ohio-5079, in order for a cognovit judgment to be valid, the terms of the note itself must be sufficient to facially support the judgment for which confession is made. Id. at ¶37. Likewise, it has been recognized that "where an understanding of the material terms of a note requires reference to other documents referred to in the note, the supporting documents must be submitted in order to obtain a valid cognovit judgment." Id. at ¶37, citing *Citizens Fed. S. & L. Assn. of Dayton v. Core Invests.* (1992), 78 Ohio App.3d 284.

**{¶19}** In the case sub judice, attached to the complaint are the following documents: (1) a copy of the cognovit note dated February 27, 2009, with Gwinn's signature, individually and as trustee; (2) a copy of the mortgage and a description of the land; and (3) Kaufman's affidavit. The affidavit states that appellants executed the cognovit note on February 27, 2009 and owe appellee $908,535.70, plus interest at the rate of 6.5 percent per annum from April 18, 2011, plus fees and costs.

**{¶20}** As evidenced, all of the documents necessary for an "understanding of the material terms" of the note were submitted in order for the trial court to render a valid judgment. *Buehler* at ¶24, citing *Devillers* at ¶37. In accordance with *Buehler*, we conclude the terms of the note were facially sufficient to support a confession of judgment, and reject appellants' arguments to the contrary.

**{¶21}** For the foregoing reasons, appellants' second and third assignments of error are overruled.

**{¶22}** In the fourth assignment of error, Gwinn, as trustee, challenges the trial court's judgment granting foreclosure on the real estate described in the mortgage. According to the trustee, the mortgage contract did not contain a warrant of attorney or a wavier of notice and service of process like that contained in the promissory note. Therefore, it is the trustee's position that appellee's foreclosure claim should have proceeded as a traditional civil action, including compliance with the applicable rules of civil procedure. We agree with the trustee.

**{¶23}** The instant dispute involves a promissory note, which includes a cognovit provision, and a mortgage executed to secure the note. The complaint filed herein: (1)

alleged default on the note; (2) sought judgment on the note against Gwinn, individually and as trustee; and (3) sought foreclosure on the mortgage securing the note.

{¶24}  As discussed supra, the mortgage was executed for appellee by Gwinn, as trustee, for an interest in the Athens County property described therein.  The mortgage secured the note in the principal amount of $825,000 and provides "COLLATERAL. Borrower acknowledges this Note is secured by a Mortgage from the Borrower dated February 27, 2009 on real property known as 31.737 acres at US 50/32 and East State Street, Athens, Athens County, Ohio; all the terms and conditions of which are incorporated and made a part of this Note."

{¶25}  It is axiomatic that a mortgage is a separate contract from the promissory note.  *Cranberry Fin., LLC v. S&V Partnership*, 186 Ohio App.3d 275, 2010-Ohio-464, ¶29, citing *Hurd v. Robinson* (1860), 11 Ohio St. 232.  The right to judgment on a note is one cause of action and the right to foreclose a mortgage is another. *Fifth Third Bank v. Hopkins*, 177 Ohio App.3d 114, 2008-Ohio-2959, ¶15, quoting *Fed. Deposit Ins. Corp. v. Simon* (Aug. 17, 1977), 9th Dist. No. 8443.  This is so because " '[a] mortgage is merely security for a debt and is not the debt itself.' "  Id. at ¶16, quoting *Gevedon v. Hotopp*, 2d Dist. No. 20673, 2005-Ohio-4597, ¶27.  " '[E]ven when a promissory note is incorporated into the mortgage deed, it is still independent of the mortgage and is a separate enforceable contract between the parties.' "  Id., quoting *Gevendon* at ¶27, quoting *Mid Am. Natl. Bank & Trust Co. v. Comte/Rogers Dev. Corp.* (Sept. 30, 1996), 6th Dist. No. L 95-329.  "Logically then, even when a mortgage is incorporated into a promissory note, the note remains independent of the mortgage and is a separate, enforceable contract

between the parties." Id. As explained by the Eighth District Court of Appeals in *The Broadview S. & L. Co. v. Crow* (Dec. 30, 1982), 8th Dist. No. 44690:

> A mortgage is a form of secured debt where the obligation, evidenced by a note, is secured by the transfer of an interest in property, accomplished by the delivery of a mortgage deed. Upon breach of condition of the mortgage agreement, a mortgagee has concurrent remedies. It may, at its option, sue in equity to foreclose, or sue at law directly on the note.

**{¶26}** Hence, while it was appropriate for appellee to assert the causes of action herein within a single complaint, it nonetheless remains that the note and the mortgage constitute two separate contracts. While Gwinn, individually and as trustee, voluntarily waived certain rights under the cognovit promissory note, there is no indication that she did so under the mortgage. In executing the promissory note, Gwinn, individually and as trustee, became obligated to pay the amount due under the note in the event of default, and agreed to waive the right to prejudgment notice and hearing, which necessarily included a waiver of the procedural requirements of Civ.R. 3(A) and 4(A). See, e.g., *L&M Properties Co. v. Shanker* (Dec. 30, 1994), 11th Dist. No. 93-G-1827. In conveying the mortgage to secure payment of the debt represented by the note, Gwinn, as trustee, effectively obligated the trust to pay the amount due under the note in the event of default or risk foreclosure of the mortgaged property. *Cranberry Fin.* at ¶30; *Liberty Sav. Bank, F.S.B. v. Sortman* (Apr. 17, 1998), 2d Dist. No. 16532. Though waiving specific rights and giving a warrant of attorney to appellee on the promissory note, Gwinn, as trustee, did not do so under the separate mortgage contract.

**{¶27}** Therefore, we conclude that while judgment on the cognovit promissory note could be obtained through the warrant of attorney without prejudgment notice to appellants, judgment on the foreclosure claim could only be obtained after proceeding in

the more traditional manner, including compliance with the applicable rules of civil procedure. Accordingly, we sustain appellant's fourth assignment of error.

{¶28}  For the foregoing reasons, appellants' second and third assignments of error are overruled, and the fourth assignment of error is sustained.  As noted previously, appellants have voluntarily withdrawn the first assignment of error.  Therefore, the judgment of the Athens County Court of Common Pleas is hereby affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings consistent with this decision.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED.  Appellants and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

*Bryant, J. & Klatt, J.:  Concur in Judgment and Opinion.

For the Court

BY:  _____
Lisa. L. Sadler, Judge*

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**

*Lisa L. Sadler, Peggy Bryant, and William A. Klatt, from the Tenth Appellate District, sitting by assignment of the Supreme Court of Ohio in the Fourth Appellate District.