[Cite as *Waker v. Lawson*, 2021-Ohio-1218.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| RONALD A. WAKER | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28692 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-4218 |
| | : | |
| HOLLY A. LAWSON, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of April, 2021.

. . . . . . . . . . .

ANTHONY R. CICERO, Atty. Reg. No. 0065408, 500 East Fifth Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellant, Ronald A. Waker

SEAN KOHL, Atty. Reg. No. 0086726 and TIMOTHY COOK, Atty. Reg. No. 0093538, 1900 Bethel Road, Columbus, Ohio 43220
    Attorneys for Defendant-Appellee, Holly A. Lawson

. . . . . . . . . . . .

HALL, J.

{¶ 1} Ronald A. Waker appeals from the trial court's entry of summary judgment in favor of appellee Holly Lawson on his foreclosure complaint and on her counterclaims to quiet title and for slander of title.

{¶ 2} Waker advances two assignments of error. First, he contends the trial court erred in entering summary judgment in favor of Lawson on his foreclosure complaint and on her counterclaims. Second, he asserts that the trial court erred in not entering summary judgment for him on his complaint.

{¶ 3} The present appeal stems from a real-estate transaction involving a house at 1800 Far Hills Avenue in Oakwood. At the time of the transaction, Lawson lived with Waker and worked for his real-estate business, which was engaged in buying and renovating homes to sell or to rent. Waker discovered the property at issue when a realtor brought it to his attention. The house was a bank-owned foreclosure, and the bank was only accepting offers from buyers who intended to live in the home. Waker proceeded to purchase the house for $99,900 using Lawson as the buyer. The closing was conducted by the Triad Title Agency, a company with which Waker had a working relationship. A few days before the closing, Waker directed Triad to draft a mortgage to be included in the closing documents. The mortgage that was created identified Lawson as the mortgagor and Waker as the mortgagee. The document stated that it was to secure her payment of $110,000 plus interest as provided in a promissory note. Waker later explained that he made the mortgage for $110,000 because he anticipated spending money to renovate the house.

{¶ 4} The parties agree that no promissory note ever existed. In fact, prior to the

purchase, Waker and Lawson never discussed any loan with regard to the Far Hills property. Waker also did not recall any pre-closing conversation with Lawson or her real estate agent about the existence of a mortgage on the property. Waker and Lawson attended the closing together, and Lawson signed the closing documents, including the mortgage, without reviewing them. According to Waker, "it was a one-minute closing probably, you know, five minutes at the most." The parties agree that Waker provided all of the money to pay for the house at the closing. Lawson did not know what Waker planned to do with the home at that time. She thought he might "flip" it or rent it. In her deposition, Lawson stated that no one told her there was going to be a mortgage on the property. She did not discover the mortgage until several weeks after the closing. She moved into the house after she discovered the mortgage and her relationship with Waker ended. Although the home was titled in Lawson's name on the recorded deed, she understood that it was not intended to be a gift to her at the time of purchase. Waker never told her that it was her house "free and clear."

{¶ 5} In September 2018, Waker filed a complaint against Lawson. The three-count complaint alleged breach of a promissory note and sought to foreclose on the mortgage. It also sought enforcement of a mechanic's lien based on work Waker had done to the property. Lawson filed numerous counterclaims, including claims for quiet title and slander of title.

{¶ 6} In July 2019, Waker moved for summary judgment on count two of his complaint, which sought foreclosure based on Lawson's non-payment of the debt secured by the mortgage. The following month, Lawson moved for summary judgment on Waker's entire complaint as well as on her counterclaims for quiet title and slander of title. In an

October 17, 2019 ruling, the trial court overruled Waker's motion and sustained Lawson's motion. With regard to count one of Waker's complaint, which alleged breach of a promissory note, the trial court reasoned that no note ever existed and, therefore, no note could have been breached. (October 17, 2019 Decision, Order, and Entry at 5.) With regard to count two, which sought foreclosure based on the mortgage, the trial court reasoned:

> In the present case, the parties both admit that Defendant Lawson did not intend to enter into a Mortgage at the time of the closing because, as Plaintiff himself stated, she was not aware of the Mortgage, or terms of any alleged loan from Plaintiff, prior to the purchase of the Property. In fact, Plaintiff admitted that Defendant Lawson knew the property would be in her name, but that she had no knowledge as to Plaintiff's ultimate plans for the Property. Based upon the foregoing, the Court finds that, based upon the evidence presented including the testimony by both parties, it is clear that Defendant Lawson did not voluntarily enter into a Mortgage for the Property at issue and, therefore, Plaintiff is not entitled to foreclose on the Property.
>
> * * *

(*Id.* at 7-8.)

**{¶ 7}** With regard to count three of Waker's complaint, which involved a mechanic's lien, the trial court declared the lien invalid because it was not timely filed. (*Id.* at 8.) As to Lawson's counterclaims, the trial court found her entitled to a decree of quiet title because the property was titled in her name and Waker's mortgage and mechanic's lien were invalid. (*Id.*) Finally, on the counterclaim for slander of title, the trial court found

that Waker's invalid mortgage and mechanic's lien constituted the publication of slanderous statements that disparaged Lawson's title, that Waker acted with malice, and that he caused actual and special damages.

{¶ 8} The trial court initially included Civ.R. 54(B) certification in its October 17, 2019 Decision, Order, and Entry, and Waker appealed. Waker subsequently dismissed the appeal so that an attorney-fee issue could be resolved. The trial court resolved that issue through a January 10, 2020 Order on a stipulation of the parties, and Lawson voluntarily dismissed her remaining counterclaims. Waker appealed on January 26, 2020. After a limited remand from this court, the trial court granted Civ.R. 60(A) relief on May 20, 2020, removing the Civ.R. 54(B) certification from its October 17, 2019 Decision, Order, and Entry. The trial court noted that the certification had been affixed inadvertently, as the matter had been expected to proceed to a hearing on attorney fees. Waker then filed an amended notice of appeal, incorporating the trial court's ruling on the summary judgment motions, its order resolving the attorney-fee issue on stipulations, and its order granting Civ.R. 60(A) relief.

{¶ 9} In his first assignment of error, Waker challenges the trial court's entry of summary judgment in favor of Lawson. He argues that the mortgage at issue was valid and enforceable in his foreclosure action, no cloud on Lawson's title supported a quiet-title action, and there was no slander of title.

{¶ 10} With regard to the mortgage, Waker asserts that "the validity of the mortgage is the lynchpin for deciding if the grant of summary judgment to Lawson, and the denial of summary judgment to Waker, was appropriate." (Appellant's brief at 9.) He stresses that she signed the mortgage at the closing without questioning its presence or

reading it. He argues that she is bound by what she signed and that she cannot rely on her failure to read the document to avoid its consequences. Waker notes too that Lawson has not alleged fraud on his part. He also argues that the mortgage is enforceable despite the absence of a note. That being so, he asserts that the lack of a note does not negate the existence of a debt underlying the mortgage. Waker maintains that the mortgage itself contained all necessary terms and conditions regarding the debt and repayment. He insists that parol evidence may not be used to establish Lawson's lack of intent to enter into or to be bound by the mortgage. Waker argues that Lawson's signature on the mortgage bound her to its unambiguous terms and that reliance on extrinsic evidence in the form of her deposition testimony or affidavit was improper.

{¶ 11} We review a trial court's ruling on a summary-judgment motion de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42. Under Civ.R. 56(C), summary judgment is proper when the movant demonstrates "that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party." *Miller v. Bike Athletic Co.*, 80 Ohio St.3d 607, 617, 687 N.E.2d 735 (1998).

{¶ 12} With the foregoing standards in mind, we see no error in the trial court's summary-judgment ruling. We agree with Waker that the absence of a note is not by itself fatal to the validity of a mortgage or to a foreclosure action. "A note is mere evidence of a debt, not the debt itself. * * * The existence of a debt secured by a mortgage may be established without a note." *Adams v. Bankers Trust Co.*, 2d Dist. Montgomery Nos. 25703, 25706, 2014-Ohio-231, ¶ 5.

{¶ 13} It is equally true, however, that the existence of a debt secured by a mortgage *must* be established, with or without a note, for a party to foreclose. This is so because "[t]he purpose of a mortgage is to secure the payment of a debt." *Riegel v. Belt*, 119 Ohio St. 369, 164 N.E. 347 (1928), at syllabus. "Upon a borrower's default, a lender is entitled to initiate foreclosure proceedings, to be paid in full, and to sever its relationship with the defaulting borrower." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 18. If there is no underlying debt, there is no obligation for a mortgage to secure, and there can be no default.

{¶ 14} In the present case, no note existed evidencing the debt for which Waker sought to foreclose. Generally, such a note "is the primary evidence of the debt." *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 28. In the absence of a note, Waker asserts that the mortgage Lawson signed constituted sufficient evidence of her debt obligation. The one-page document granted Waker a mortgage to secure payment of $110,000 "with interest as provided in a Note of even date, with a Final Payment due July 1, 2018." (Lawson depo. at Exh. 5.) The mortgage did not identify the applicable interest rate or Lawson's monthly payment obligation. Nevertheless, Waker maintains that the mortgage contained enough information to prove Lawson's debt, which the mortgage secured. Because the mortgage was an unambiguous written agreement acknowledging the debt, Waker contends we may not resort to parol evidence to find that there was no debt or that the mortgage was unenforceable.

{¶ 15} The parol evidence rule "is a rule of substantive law that prohibits a party who has entered into a written contract from contradicting the terms of the contract with

evidence of alleged or actual agreements. 'When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.' " (Citation omitted.) *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 75 Ohio St.3d 433, 440, 662 N.E.2d 1074 (1996), quoting 3 Corbin, Corbin on Contracts (1960) 357, Section 573. "The principal purpose of the parol evidence rule is to protect the integrity of written contracts." *Galmish v. Cicchini*, 90 Ohio St.3d 22, 27, 734 N.E.2d 782 (2000). The parol evidence rule thus provides that extrinsic evidence of prior or contemporaneous oral agreements or prior written agreements may not be used to vary, contradict, or supplement a final written contract. *Id.*

{¶ 16} We see at least two problems with applying the parol evidence rule here. First, there was no promissory note between Waker and Lawson obligating her to pay him $110,000 plus interest. And the mortgage referencing the debt was not a written contract between Waker and Lawson obligating her to pay a debt. Waker did not even sign the mortgage, which simply granted him a security interest in the property. Although a mortgage is security for a debt, it is not a contract for the debt itself. *See, e.g.*, *Century Natl. Bank v. Gwinn*, 4th Dist. Athens No. 11CA20, 2012-Ohio-768, ¶ 25. This remains true even when a mortgage incorporates an underlying note by reference. *Id.* The mortgage Lawson signed might have constituted some evidence of an underlying debt, but it was not a written contract for the debt that precluded consideration of parol evidence.

{¶ 17} Second, even if the mortgage could be considered a contract between

Waker and Lawson for the debt itself, she did not seek to avoid the mortgage by relying on any oral or written agreement entered into prior to or contemporaneous with her signing of that document. Instead, she relyied on the parties' *subsequent* joint recognition in their depositions that she and Waker in fact had not discussed or entered into an underlying agreement obligating her to pay him anything. Both parties agreed in their depositions that when Lawson signed the mortgage, there was no note and there had been no mutual agreement concerning her paying Waker for the house. In essence, both parties agreed in their depositions that the $110,000 debt obligation referenced in the mortgage was made up solely by Waker.

{¶ 18} In his deposition, Waker acknowledged that Lawson "had no clue" what he even planned to do with the house at the time of the closing. (Waker depo. at 26.) He also admitted that prior to the purchase "there was never a discussion" with Lawson "with regard to the terms of a loan[.]" (*Id.* at 30.) Waker unilaterally decided to create a mortgage referencing a $110,000 debt and to have the mortgage document inserted in the closing papers for Lawson to sign. (*Id.* at 35.) For her part, Lawson testified that she did not discover the mortgage until weeks after the closing, and she never intended or agreed to incur any debt obligation.[1] (Lawson depo. at 31, 47; Lawson affidavit at ¶ 13.)

{¶ 19} In light of the foregoing evidence, we see no genuine issue of material fact as to the non-existence of an actual debt underlying the mortgage Lawson signed. Even construing the evidence in a light most favorable to Waker, no rational trier of fact could

---

[1] Sometime after the closing and after discovering the mortgage, Lawson did attempt to compromise with Waker and to work out a payment plan with him. This after-the-fact negotiation did not establish the existence of a valid underlying debt at the time of the closing.

find that such a debt truly existed when Lawson executed the mortgage. Because Waker failed to prove the existence of an underlying debt, he cannot prove a default and, therefore, cannot foreclose on the mortgage. Accordingly, we see no error in the trial court's entry of summary judgment in favor of Lawson on count two of Waker's complaint.

{¶ 20} Waker also challenges the trial court's entry of summary judgment for Lawson on her quiet-title counterclaim. The trial court reasoned that the mortgage, which it found to be invalid and unenforceable, constituted a cloud on the title. Waker argues again that the mortgage was valid and enforceable through foreclosure. Therefore, he asserts that his recorded mortgage did not constitute a "cloud" on Lawson's title.

{¶ 21} "A cloud on a title is a defect in title 'that has a tendency even in the slight degree, to cast doubt upon the owner's title, and to stand in the way of a full and free exercise of his ownership.' " *Cuspide Properties, Ltd. v. Earl Mechanical Servs.*, 2015-Ohio-5019, 53 N.E.3d 818, ¶ 27 (6th Dist.), quoting *McClure v. Fischer Attached Homes*, 145 Ohio Misc.2d 38, 2007-Ohio-7259, 882 N.E.2d 61, ¶ 13 (C.P.). "An invalid lien creates the appearance that there is an encumbrance on one's land where one does not exist." *Id.*

{¶ 22} The trial court found that Waker's recorded mortgage and mechanic's lien constituted clouds on Lawson's title because they were invalid. The trial court reasoned that the mortgage and mechanic's lien cast doubt on her possession of an unencumbered title. Therefore, the trial court found Lawson entitled to a decree of quiet title under R.C. 5303.01, which provides that "[a]n action may be brought by a person in possession of real property, by himself or a tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest."

{¶ 23} Upon review, we see no error in the trial court's ruling. Waker's mortgage was unenforceable because he failed to prove the existence of an underlying debt that the mortgage secured. With regard to Waker's mechanic's lien, the trial court found it invalid on the basis that it was not timely filed. Waker has not challenged that determination on appeal. The invalid mortgage and mechanic's lien created the appearance of an encumbrance on Lawson's title where no encumbrance existed. Therefore, the trial court correctly found Lawson entitled to a decree of quiet title.

{¶ 24} In a final argument under his first assignment of error, Waker challenges the trial court's entry of summary judgment in favor of Lawson on her counterclaim for slander of title. Waker asserts that Lawson did not establish the elements of a slander-of-title claim because the mortgage at issue was valid and enforceable.

{¶ 25} "Typically, slander-of-title cases involve documents filed against a particular piece of property by parties who claim an interest in the property." *Green v. Lemarr*, 139 Ohio App.3d 414, 431, 744 N.E.2d 212 (2d Dist. 2000). "To prevail, a claimant must prove '(1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages.' " *Id.* at 430-431, quoting *Colquhoun v. Webber*, 684 A.2d 405, 409 (Me. 1996).

{¶ 26} In its ruling, the trial court found that Lawson had established slander of title, as a matter of law, with regard to both the mortgage and Waker's mechanic's lien. In support, it reasoned:

> With respect to the elements of this claim, the Court notes that
> Plaintiff's use of the invalid Mortgage to bring this action, as well as the

invalid mechanic's lien, constitute publications of slanderous statements that disparaged Defendant Lawson's title. The Court further finds that Plaintiff acted with malice because he acted with reckless disregard for Defendant Lawson's rights. Specifically, Plaintiff provided detailed testimony, admitting that he had extensive experience with buying and selling properties, the Property is titled in Defendant Lawson's name and, yet, Plaintiff did not discuss the terms of the Mortgage with Defendant Lawson prior to the purchase of the Property. Moreover, Plaintiff admits that he arbitrarily determined the amount of the Mortgage, which did not reflect the actual purchase price of the Property. See Plaintiff's Depo., generally. Accordingly, when Plaintiff brought this action for foreclosure, using the invalid Mortgage and untimely mechanic's lien, he showed reckless disregard for Defendant Lawson's rights as the titled owner of the Property and, therefore, acted with malice. With respect to the final element of this claim, the Court finds that Plaintiff's actions have caused Defendant Lawson actual and special damages arising out of the litigation of this matter. The amount of any attorney fees will be addressed at a separate hearing as set forth below. Accordingly, the Court SUSTAINS Defendant Lawson's claim for slander of title.

(October 17, 2019 Decision, Order, and Entry at 9-10.)[2]

{¶ 27} On appeal, Waker argues that Lawson failed to establish the second element of her slander-of-title claim, namely that the "statement" was false. Lawson

---

[2] As noted above, the parties subsequently resolved the attorney-fee issue by stipulation.

contends the statement at issue was the mortgage and that it was not "false" because it was valid and enforceable. Waker also claims Lawson failed to establish the third element, malice, for the same reason. He reasons that "the mortgage is not invalid and seeking to foreclose pursuant to the mortgage is neither a reckless disregard of Lawson's rights nor malicious." (Appellant's brief at 16.)

{¶ 28} We find Waker's argument to be unpersuasive. As an initial matter, the trial court's ruling makes clear that the "statement" at issue involved Waker's assertion of both a mortgage and a mechanic's lien. The trial court found the mechanic's lien invalid due to it being untimely filed, and Waker has not challenged that determination on appeal. With regard to the mortgage, we held above that it was not valid and enforceable because Waker failed to establish the existence of an underlying debt. That being so, Waker's sole basis for challenging the second and third elements of Lawson's claim lacks merit. The first assignment of error is overruled.

{¶ 29} In his second assignment of error, Waker contends the trial court erred in overruling his competing motion for summary judgment on count two of his complaint, which sought foreclosure. Waker reiterates his contention that the mortgage was valid and enforceable and that it obligated Lawson to pay him $110,000 plus interest by July 1, 2018. Because she failed to make this payment, Waker asserts that she was in default and that he was entitled to a decree of foreclosure as a matter of law.

{¶ 30} In resolving Waker's first assignment of error, we determined that he failed to prove the existence of a debt and that he consequently could not prove a default by Lawson. As a result, we held that he was not entitled to foreclose. In light of that determination, Waker was not entitled to summary judgment on his complaint for

foreclosure. The second assignment of error is overruled.

{¶ 31} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Anthony R. Cicero
Sean Kohl
Timothy Cook
Michele Phipps
John Doe
Hon. Dennis J. Adkins