OPINION
{¶ 1} Plaintiff-appellant, John Prater ("Prater"), appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant-appellee, Alex Dashkovsky ("Dashkovsky"), dba Dash Construction and Management LLC ("Dash Construction"). For the reasons that follow, we affirm the judgment of the common pleas court. *Page 2 
 {¶ 2} The following facts were adduced at trial and are germane to this appeal. On August 10, 2005, the parties entered into a written contract that provided for Dash Construction to perform certain work on Prater's home, including painting the exterior and the decks. Dash Construction performed the work, but Prater refused to pay the balance due under the contract because he felt the color of the house did not match the color of the decks.
 {¶ 3} On November 16, 2005, Dash Construction filed a mechanic's lien for the work performed and materials supplied. The lien was filed in the Licking County Recorder's Office where the property was located. Dashkovsky testified that he mailed a copy of the lien via ordinary mail to Prater on November 17, 2005. Dashkovsky also testified that he discussed the matter with Prater by telephone, after which, Dashkovsky retained legal counsel.
 {¶ 4} On December 2, 2005, Dashkovsky's attorney sent a letter to Prater via ordinary mail, advising Prater that a mechanic's lien had been filed and that Dash Construction sought the balance due under the contract. Also enclosed was a copy of a letter from PPG Architectural Finishes, Inc. (also known as Pittsburgh Paints), the manufacturer of the paint, in which the manufacturer stated that there was no problem with the paint or its application.
 {¶ 5} On December 9, 2005, Prater filed suit against Dash Construction, alleging breach of contract and slander of title to real estate. Dash Construction moved to dismiss, but the trial court overruled the motion. Dash Construction filed an answer and counterclaim for the balance due under the contract. The matter proceeded to a bench *Page 3 
trial on April 23, 2007, and the court found in favor of Dash Construction on Prater's claims, as well as its counterclaim against Prater.
 {¶ 6} Prater filed a timely notice of appeal, asserting the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT SERVICE OF THE AFFIDAVIT REQUIRED UNDER R.C. 1311.07 MAY BE ACCOMPLISHED UNDER R.C. 1311.19(C) WITHOUT DOCUMENTARY OR WRITTEN EVIDENCE OF PROOF OF SERVICE.
 {¶ 7} By his assignment of error, Prater argues the trial court erred by finding that "the mere mailing of an affidavit of mechanics' lien without more" satisfies "the requirements of R.C. 1311.19(C)." (Prater's brief at 4.) According to Prater, "[t]here must be something more [than] the naked assertion of a contractor that he mailed the affidavit. Especially where, as here, you have two credible witnesses [Prater and his wife], make sworn statements that they did not receive a copy of the affidavit." Id. at 6. Thus, Prater asserts the trial court's determination regarding his slander of title claim should be reversed. For several reasons, we disagree.
 {¶ 8} At the outset, we note that Prater has not met his burden of affirmatively demonstrating error on appeal. State ex rel. Petro v.Gold, 166 Ohio App.3d 371, appeal not allowed, 110 Ohio St.3d 1439,2006-Ohio-3862. The burden of affirmatively demonstrating error on appeal rests with the party asserting error. App.R. 9 and 16(A)(7);State ex rel. Fulton v. Halliday (1944), 142 Ohio St. 548. Pursuant to App.R. 16(A)(7), an appellant must present his or her contentions with respect to each assignment of error presented for review and the reasons in support of those contentions, including citations *Page 4 
to legal authorities and parts of the record upon which the appellant relies. An appellate court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. App.R. 12(A)(2). "Failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996), 114 Ohio App.3d 41, 60.
 {¶ 9} In this case, Prater has failed to comply with the foregoing appellate requirements. First, he does not cite to the place in the record upon which he relies. Second, he fails to cite any legal authority in support of his argument. Accordingly, we overrule this assignment of error. Over and above Prater's procedural noncompliance, his argument on appeal suffers fatal substantive deficiencies.
 {¶ 10} In reviewing a trial court's judgment following a bench trial, "an appellate court is `guided by the presumption' that the trial court's findings are correct." Broadstone v. Quillen,162 Ohio App.3d 632, 637, citing Patterson v. Patterson, Shelby App. No. 17-04-07,2005-Ohio-2254, at ¶ 26, quoting Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79-80. Thus, this court may not substitute its judgment for that of the trial court, and must affirm the judgment if it is supported by some competent, credible evidence going to the essential elements of the case. Reilley v. Richards (1994), 69 Ohio St.3d 352;Koch v. Ohio Dept. of Natural Resources (1994), 95 Ohio App.3d 193.
 {¶ 11} The matter before us concerns a claim for slander of title. Slander of title to real estate is a tort action against one who falsely and maliciously defames title to property and causes some special pecuniary damages or loss. Hahn's Elec. Co. v. Cochran, Franklin App. No. 01AP-1391, 2002-Ohio-5009, at ¶ 24, citing Green v. Lemarr *Page 5 
(2000), 139 Ohio App.3d 414, 430; Consun Food Ind., Inc. v. Fowkes
(1991), 81 Ohio App.3d 63, 72; Childers v. Commerce Mtge. Invest.
(1989), 63 Ohio App.3d 389, 392. Generally, slander of title to real estate involves the wrongful recording of an unfounded claim, such as a mechanic's lien, to the property of another. Green, supra, at 433.
 {¶ 12} To prevail, a claimant must prove: "(1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages." Green, supra, at 430-431, citing Colquhoun v.Webber (Me. 1996), 684 A.2d 405, 409.
 {¶ 13} The filing of a mechanic's lien satisfies the publication element. W. Prosser, The Law of Torts § 122 at 939 (3 Ed.1964). As germane to our discussion, the procedure for filing a mechanic's lien is set forth in R.C. 1311.06, and involves the filing of an affidavit with the county recorder where the improved property is located, and must contain information regarding the amount due and the work performed. According to R.C. 1311.07, a person, who has filed an affidavit pursuant to R.C. 1311.06, must serve the owner with a copy of the affidavit within 30 days of its filing. The methods of service for these affidavits can be found in R.C. 1311.19.
 {¶ 14} In this case, the trial court found that service on Prater was perfected in accordance with R.C. 1311.19(C)(2), which provides:
 (C) A notice, affidavit, or other document required to be served under this chapter is considered served, whether or not the notice, affidavit, or other document was served by the means described in divisions (A)(1) to (3) of this section, and service is complete on the date the notice, affidavit, or other *Page 6 
document is received, if either of the following is true regarding the notice, affidavit, or other document:
 * * * *
 (2) It can be proved by a preponderance of evidence that the person being served actually received the notice, affidavit, or other document.
 A notice, affidavit, or other document to which this division applies is presumed to have been received three days after the date of the mailing of the notice, affidavit, or other document, unless a written acknowledgement, receipt, or other evidence provides proof to the contrary.
 {¶ 15} R.C. 1311.19 was amended by H.B. 514, effective March 14, 2003, to include subsection (C). Although the independent research of this court discloses that no court has had occasion to consider subsection (C), the language in the statute is clear: proof of service may be established by a preponderance of the evidence. Prater's argument that "[t]he trial court's determination that a mere statement that the affidavit was mailed satisfies R.C. 1311.19(C) was erroneous" demonstrates a misunderstanding of R.C. 1311.19(C)(2), as well as a misinterpretation of the trial court's analysis.
 {¶ 16} In a cogent and well-reasoned opinion, the trial court explained the basis for its decision:
 In this case, Mr. Dashkovsky testified he mailed a copy of the mechanics' lien affidavit to plaintiff at plaintiff's home address on November 17, 2005 and it was not returned by the postal service as undeliverable. Dashkovsky also testified that when he telephoned plaintiff and advised that he had filed a mechanics' lien, plaintiff acknowledged his awareness of the lien and said that he had forwarded the copy to his attorney.
 While the plaintiff denies he received a copy of the affidavit, the second cause of action of plaintiff's complaint filed on *Page 7 
December 9, 2005 is based upon the mechanics' lien filed by the defendant on November 16, 2005. Plaintiff's denial that he received a copy of the affidavit and his claim that he was unaware of the existence of the mechanics' lien until April 2006, some four months later, is not credible. Obviously, plaintiff had to know of the existence of the lien sometime prior to December 9, 2005, the date on which he filed his complaint alleging slander of title based upon the mechanics' lien filed by the defendant.
 From all of the facts and circumstances, the court finds by a preponderance of the evidence that plaintiff actually received a copy of the mechanics' lien affidavit within thirty days of the filing thereof. Therefore, the defendant complied with Sections 1311.07 and 1311.19 of the Revised Code.
(Trial court's decision, May 8, 2007, at 12.)
 {¶ 17} As the above-quoted portion of the opinion makes clear, the trial court did, in fact, rely on "something more [than] the naked assertion of [Dashkovsky] that he mailed the affidavit" in determining that service was perfected in accordance with R.C. 1311.19(C)(2) — it relied on Prater's own complaint. Like the trial court, we are unable to reconcile Prater's assertion that he was unaware of the existence of the mechanic's lien filed by Dash Construction until April 2006, with the fact he filed his complaint in December 2005, and his second cause of action (slander of title) is based on that lien. At no point did Prater attempt to harmonize these apparent contradictions before the trial court, nor has he endeavored to do so on appeal. We further agree with the trial court's assessment that these inconsistencies undermined Prater's credibility.[1]
 {¶ 18} Based on the facts of this case, we hold that the filing of a complaint, which includes a cause of action for slander of title, proves, by a preponderance of the *Page 8 
evidence, that the party filing the complaint actually received the mechanic's lien affidavit, and, thus, satisfies R.C. 1311.19(C)(2). In such instance, it would frustrate the purpose behind R.C. 1311.19(C)(2), as well as defy logic, to allow a plaintiff to maintain a cause of action premised on a mechanic's lien, while at the same time, deny being aware of the lien's existence. This position, we believe, is also consonant with the aim and objectives of Civ.R. 11.
 {¶ 19} There is, however, another issue, which, while not raised by the parties, is nonetheless dispositive of the instant appeal. Here, Prater has only articulated an argument regarding the trial court's finding that there was a publication (the filing and service of a mechanic's lien). He has not, however, set forth any argument regarding the trial court's determination that he failed to prove any of the other elements of a claim for slander of title, i.e., that the publication was false or that he suffered any damages. Consequently, on this basis alone, we find no error in the trial court's entry of judgment in favor of Dash Construction on Prater's claim for slander of title.
 {¶ 20} Based on the foregoing, we conclude that the trial court properly determined that the evidence demonstrated that Prater was served with and received the mechanic's lien affidavit filed by Dash Construction. Again, contrary to Prater's assertions, the trial court's above conclusion is not against the manifest weight of the evidence.
Judgment affirmed.
PETREE and TYACK, JJ., concur. *Page 9 
[EDITORS' NOTE: THIS PAGE CONTAINED FOOTNOTES.]
[1] As an aside, we note that Prater also testified at trial that he did not receive the December 2, 2005 letter sent by the attorney for Dash Construction's attorney. *Page 1