[Cite as *N. Royalton Court Condo Owners' Assn. v. Stadul*, 2024-Ohio-1280.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| NORTH ROYALTON COURT CONDO OWNERS' ASSOCIATION, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 113050 |
| v. | : | |
| CHARLES R. STADUL, ET AL., | : | |
| Defendants. | : | |
| | : | |
| [Appeal by FBF Georgia, LLC, Defendant-Appellant] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 4, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-11-765833

### *Appearances:*

Grubb & Associates, LPA, Natalie F. Grubb, and Mark E. Owens, *for appellant*.

Thrasher, Dinsmore & Dolan, LPA, Tim L. Collins, and Elizabeth E. Collins, *for appellee* Woods Cove II, LLC.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Intervenor-appellant FBF Georgia, LLC ("FBF") appeals from the trial court's decision granting summary judgment in favor of defendant/cross claimant-appellee Woods Cove II, LLC ("Woods Cove"). In 2011, Plaintiff North Royalton Court Condominium Owners' Association, Inc. ("Plaintiff") filed a complaint for foreclosure against Charles Stadul, et al., to collect on a lien for unpaid condominium fees relating to a property in North Royalton, Ohio. After the complaint was filed but before the property was sold, Woods Cove purchased three tax certificates on the property and filed a crossclaim to assert its tax lien interest in the property. The trial court granted a decree of foreclosure in favor of Plaintiff but subsequently also granted Woods Cove's foreclosure of its lien interest.

{¶ 2} Plaintiff executed on its decree of foreclosure, and the property was sold at a sheriff's sale, but the tax certificates were not fully redeemed. The property was then acquired by FBF from the purchaser at the sheriff's sale. Thereafter, Woods Cove filed a praecipe for order of sale and executed on its own decree of foreclosure, believing that its tax liens were not extinguished upon the confirmation of the sale. In a subsequent contempt proceeding, the trial court found that there was no legal authority for Woods Cove's position but did not find Woods Cove in contempt for filing the praecipe for order of sale. Thereafter, FBF filed an intervening complaint raising a claim of slander of title against Woods Cove.

**{¶ 3}** The trial court granted summary judgment in favor of Woods Cove, and FBF now appeals from that judgment. As we explain in the following, the unique circumstances of this case do not meet the essential elements of slander of title. Accordingly, we affirm the trial court's judgment.

**Procedural Background**

**{¶ 4}** As the trial court noted in its decision granting summary judgment in favor of Woods Cove, this case, which commenced in 2011, has a "tortured" history. For ease of discussion, we will begin our review with a chronological recitation of the relevant events leading to this appeal.

**{¶ 5}** On October 14, 2011, Plaintiff filed a complaint for foreclosure to collect unpaid condominium fees and related expenses for a property located in North Royalton, Ohio.

**{¶ 6}** Months later, while the foreclosure case was pending, Woods Cove purchased three tax certificates from Cuyahoga County for unpaid property taxes and these liens were recorded with the Cuyahoga County Recorder on June 8, 2012, September 18, 2012, and August 12, 2013, respectively. Woods Cove then filed a motion to intervene as a defendant and to set up its claims based on the tax certificates. On January 14, 2015, Woods Cove filed an answer and crossclaim, seeking to foreclose on its tax liens pursuant to Chapter 5721 of the Revised Code, which governs tax certificate sales and related foreclosures.

**{¶ 7}** On March 11, 2015, the trial court granted default judgment against defendant Charles Stadul and entered a foreclosure decree in favor of Plaintiff. The

decree did not contain any finding regarding Woods Cove's tax certificate liens, and Woods Cove's claim remained unadjudicated.

{¶ 8} On March 20, 2015, Plaintiff filed a praecipe for order of sale. The sheriff received no bids at the sale, however. Thereafter, Plaintiff filed a motion for alias order of sale, requesting that the court allow the property to be sold for a minimum bid amount of $8,800, less than the previous minimum bid amount of $13,334. A magistrate granted the motion. Woods Cove filed an objection, alleging that the redemption balance amount of the tax certificates equaled $8,822.63 at the time and the minimum bid of $8,800 was lower than the amount necessary to satisfy Woods Cove's liens. The court overruled Woods Cove's objection.

{¶ 9} On October 27, 2015, the magistrate issued a decision amending the March 11, 2015 decree, finding that Woods Cove's tax liens had priority over Plaintiff's claims and that Woods Cove was entitled to foreclosure of its lien interests pursuant to R.C. 5721.37(F).

{¶ 10} On December 8, 2015, the trial court adopted the magistrate's decision amending the March 11, 2015 decree. As the magistrate acknowledged in a subsequent order dated February 24, 2017, "there were two foreclosure decrees, one in favor of the plaintiff and one in favor of Woods Cove."

**A. First Sale**

{¶ 11} On January 25, 2016, Plaintiff successfully sold the property to AM Comp LLC ("AM Comp") for $10,200.50 ("first sale"). The redemption amount for the tax certificate liens at that time was $8,935.91. The sheriff made a complete

distribution of the funds derived from the sale pursuant to the decree of foreclosure. Woods Cove received $7,665.93, less than the full redemption amount.

{¶ 12} On March 16, 2016, the court entered an order of confirmation of sale, vesting title in the purchaser, AM Comp. Woods Cove did not appeal from the order. On April 11, 2016, a sheriff's deed transferring ownership of the property to AM Comp was recorded.

{¶ 13} On August 2, 2016, AM Comp transferred the property to FBF by a quitclaim deed. Notably, FBF acquired the property while the tax certificates were still recorded as liens on the property.

**B. Second Sale and the Contempt Proceeding**

{¶ 14} Because its liens were not satisfied and it was owed a balance of $1,269.98 plus interest and fees, Woods Cove, based on a contention that its liens survived the confirmation of sale pursuant to R.C. 323.47(B)(2), executed on its own decree of foreclosure and filed a praecipe for order of sale on October 28, 2016. On November 1, 2016, the trial court issued an order of sale.

{¶ 15} On December 12, 2016, the property was sold, *again*, to a successful bidder ("the second sale"). The next day, the magistrate issued an order requiring Woods Cove and counsel to show cause why they should not be held in contempt for filing a praecipe for order because the property had already been sold at a sheriff's sale.

{¶ 16} On December 15, 2016, FBF appeared in this case for the first time. It filed an "Emergency Motion to Intervene and For Order Vacating Improper

December 12, 2016 Sheriff's Sale." FBF informed the court that it had acquired the property on August 2, 2016, and asked the court to permit it to intervene in this matter. FBF alleged that Woods Cove disregarded the confirmation of the January 25, 2016 sale and filed a praecipe for order of sale without notice to AM Comp or FBF. FBF argued after the January 25, 2016 sale was confirmed, Woods Cove was not entitled to foreclosure on the property for any remaining real estate taxes.

{¶ 17} Thereafter, on December 21, 2016, Woods Cove responded to the trial court's show cause order. It argued that it filed the praecipe for order of sale pursuant to the decree of foreclosure granted in its favor on December 8, 2015, which allowed it to file the praecipe unless the redemption price on the tax certificates and the costs and attorney fees were paid prior to the confirmation of the first sale. Woods Cove further argued that, as a holder of the tax certificates, it stood in the shoes of the state and therefore its liens were not extinguished until payment in full, citing R.C. 323.47(B)(2) ("Taxes, assessment, interest, and penalties that are not paid * * * continue to be a lien on the property") and R.C. 2329.192 (providing special status to state lienholders).[1]

---

[1] In support of its claim that as a tax certificate holder Woods Cove is vested with the first "super-priority" lien previously held by the state and its taxing districts, in this case the Cuyahoga County Treasurer, Woods Cove cited a bankruptcy court case, *In re Cortner*, 400 B.R. 608, 614 (Bankr.S.D.Ohio 2009)("Once a political subdivision of the state auctions a tax certificate, that political subdivision transfers its lien position to the tax certificate holder.").

{¶ 18} On February 24, 2017, the magistrate issued a decision finding Woods Cove not in contempt. However, the magistrate rejected Woods Cove's claim that as a tax certificate holder, it had the same status of a state lienholder, citing the definition of a state lienholder in R.C. 2329.192(A) as "the department, agency, or other division of the state in whose name a state lien has been filed or recorded." The magistrate noted no legal authority exists for Woods Cove's contention that a private company holding a tax certificate should be treated as a state lienholder. While the magistrate rejected Woods Cove's claim that its liens were not extinguished upon the confirmation of sale, the magistrate found no basis for a contempt finding against Woods Cove or its counsel.

### C. FBF's Intervening Complaint for Slander of Title

{¶ 19} Also on February 24, 2017, FBF filed an intervening complaint seeking a judgment declaring that the tax certificates no longer served as an encumbrance on the property. FBF also raised a claim of slander of title against Woods Cove for filing the praecipe of sale and ordering a sale of the property to collect on its judgment. FBF alleged that Woods Cove's prosecution of the order of sale and related filings in the trial court constituted publication of disparaging statements as against FBF's title; these statements were false; they were made with malice or reckless disregard of their falsity; and they caused damages to FBF, including the litigation expenses FBF incurred to protect its right.

{¶ 20} On June 7, 2017, the trial court vacated the second sale, and on May 4, 2018, Woods Cove voluntarily released the tax certificates.

{¶ 21} On October 17, 2018, the trial court granted FBF's claim for declaratory judgment, finding Woods Cove was not entitled to enforce its tax certificates. The trial court then permitted the parties to file motions for summary judgment regarding FBF's claim for slander of title. In February of 2019, Woods Cove and FBF filed respective motions for summary judgment. These motions, however, were not ruled on until January 6, 2023, when a magistrate granted Woods Cove's motion and denied FBF's motion. The magistrate determined that FBF could not establish the elements of slander of title concerning either the tax liens or the praecipe for order of sale filed by Woods Cove. FBF objected to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision. This appeal follows.

{¶ 22} On appeal, FBF raises the following seven assignments of error for our review:

> I. The trial court abused its discretion in adopting the magistrate's finding of fact that there were no attempts made by AM Comp LLC to satisfy the remainder of the outstanding tax certificates pursuant to R.C. 2329.21, leaving an amount still due and owing on the tax certificates after the first confirmed sale.
>
> II. The trial court abused its discretion in adopting the magistrate's finding of fact that FBF Georgia's allegation that the tax liens were false "is inconsistent with the prior rulings in this case and in Ohio law" after the first confirmed sale.
>
> III. The trial court abused its discretion in adopting the magistrate's finding of fact FBF Georgia provided no evidence or argument that the tax certificates were "wrongfully recorded or filed" after the first confirmed sale.

IV. The trial court abused its discretion in adopting the magistrate's conclusion of law that "having determined that the tax liens were not false statements, the court cannot reach the third or fourth elements of FBF Georgia's slander of title claim regarding the tax certificates" after the first confirmed sale.

V. The trial court abused its discretion in adopting the magistrate's conclusions of law that (1) "FBF Georgia has the burden to demonstrate that the praecipe for order of sale filed by Woods Cove somehow affects title to the property. Georgia has not met that burden"; (2) "A praecipe for order of sale is not recorded in the County Records of the property and therefore has no consequence as to title;" and "as Woods Cove failed to avail themselves of the proper legal options they are barred from seeking the second sale. This finding, however, does not necessarily demonstrate that the precipice statement was false."

VI. The trial court abused its discretion in adopting the magistrate's conclusion of law that "no evidence has been provided that Woods Cove acted with malice or reckless disregard for filing an allegedly false praecipe for order of sale" after the first confirmed sale.

VII. The trial court abused its discretion in adopting the magistrate's conclusion of law that "the court cannot reach Georgia's damages as the underlying requirements for slander of title have not been met."

**Summary Judgment Standard**

{¶ 23} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Pursuant to Civ.R. 56(C), summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, written admissions,

affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 24} In this case, FBF objected to the magistrate's decision granting summary judgment in favor of Woods Cove and the trial court adopted the magistrate's decision. We note that, generally, an "[a]ppellate court reviews a trial court's decision to adopt, reject, or modify a magistrate's decision for an abuse of discretion." *RBS Citizens, NA v. Sharp*, 2015-Ohio-5438, 47 N.E.3d 170, ¶ 9 (7th Dist.).

**Slander of Title**

{¶ 25} All of the assignments of error raised by FBF except for the first assignment of error concern whether the tax liens and the praecipe for order of sale filed by Woods Cove establish the elements of a claim of slander of title. We address them jointly for ease of discussion.

{¶ 26} "Slander of title to real estate is a tort action against one who falsely and maliciously defames title to property, generally by wrongfully recording an unfounded claim." *O'Loughlin v. Ottawa St. Condominium Assn.*, 6th Dist. Lucas No. L-16-1128, 2018-Ohio-327, ¶ 27, citing *Nye v. White-Rhoades*, 3d Dist. Marion No. 9-15-04, 2015-Ohio-3719, ¶ 36, citing *Prater v. Dashkovsky*, 10th Dist. Franklin No. 07AP-389, 2007-Ohio-6785, ¶ 11. *See also Phelps v. Community Garden Assn.*,

8th Dist. Cuyahoga No. 109766, 2021-Ohio-3675, ¶ 43 (slander of title may be brought against anyone who falsely and maliciously defames the property, either real or personal, of another, and thereby causes him some special pecuniary damage or loss).

{¶ 27} To prevail, a plaintiff must prove: "(1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages." *Green v. Lemarr*, 139 Ohio App.3d 414, 430, 744 N.E.2d 212 (2d Dist.2000).

{¶ 28} In its decision, the trial court focused on the first two elements of slander of title: publication and falsity. Our review likewise focuses on these two elements.

{¶ 29} Regarding the first element of the slander-of-title claim, FBF argued in its motion for summary judgment that the tax liens and subsequent praecipe filed with the court constituted "wrongfully filed or recorded" statements that FBF failed to pay the property taxes and they disparaged FBF's title. Regarding the second element, FBF argued the praecipe for order of sale was false in that the praecipe was filed without legal authority to support Woods Cove's position that its tax lien interest remained after the confirmation of the first sale.

**A. FBF's Slander-of-Title Claim Predicated on the Tax Liens**

{¶ 30} Concerning whether the tax liens could establish a slander-of-title claim under the circumstances of this case, the trial court stated that "FBF George's

allegation that the tax liens were false * * * is inconsistent with the prior rulings in this case and in Ohio law." It explained that Woods Cove's tax liens had been duly recorded and the court found them to be valid in the decree of foreclosure granted in favor of Woods Cove on December 8, 2015. Under the second, third, and fourth assignments of error, FBF takes issue with the trial court's statement that "FBF Georgia's allegation that the tax liens were false * * * is inconsistent with the prior rulings in this case and in Ohio law." FBF also argues that, while the tax liens were not false when they were originally recorded, they were false "when they continued to encumber the property after confirmation of the First Sale" and that the continued recordation after the confirmation of the first sale on March 16, 2016, satisfied the elements of slander of title.

{¶ 31} It is undisputed that the tax certificates were duly recorded — they were filed with the county recorder on June 8, 2012, September 18, 2012, and August 12, 2013, respectively. The tax certificate liens were not false when they were recorded. FBF claims that the continued recordation of the liens after the confirmation of sale on March 16, 2016, was wrongful. FBF, however, does not cite any case law authority to support its claim that the *continued* recordation of the tax certificates under the particular circumstances of this case satisfies the elements of publication and falsity necessary to establish slander of title. Consequently, we overrule the claim.

## B. FBF's Slander-of-Title Claim Predicated on the Praecipe for Order of Sale

{¶ 32} Regarding whether Woods Cove's filing of the praecipe for order of sale established a slander-of-title claim, the trial court determined that the filing could not satisfy the publication element because "a praecipe for Order of Sale is not recorded in the county records of the property and therefore has no consequence as to title." Under the fifth assignment of error, FBF challenges that determination and argues that slander of title was established when Woods Cove filed the praecipe without legal authority for its position that it was entitled to foreclosure of the property despite the confirmation of the first sale. FBF also takes issue with the trial court's statement that a finding that Woods Cove was barred from seeking the second sale did not necessarily entail that the praecipe statement was false.

{¶ 33} "Generally, a claim for slander of title involves the wrongful recording of an unfounded claim against the property of another." *Metzler v. Fifth Third Bank*, 10th Dist. Franklin No. 16AP-638, 2017-Ohio-7088, ¶ 14. "Typically, slander-of-title cases involve documents filed against a particular piece of property by parties who claim an interest in the property. Specific examples would include mortgage-holders[.]" *Green v. Lemarr*, 139 Ohio App.3d 414, 431, 744 N.E.2d 212 (2d Dist.2000). *See also WWSD, LLC v. Woods*, 2022-Ohio-952, 188 N.E.3d 244, ¶ 57 (10th Dist.) (*reconsideration granted in part on other grounds*, 2023-Ohio-3174) (a slander-of-title claim typically involves documents such as liens or mortgages filed against a property by parties who claim an interest in the

property); *Troon Mgt. v. Adams Family Trust*, 2023-Ohio-3489, 225 N.E.3d 463, ¶ 32 (4th Dist.). "The wrongful filing for the record of a document which casts a cloud upon another's title to or interest in realty is considered to be an act of publication which gives rise to an action for slander of title." *Gasper v. Bank of Am., N.A.*, 2019-Ohio-1150, 133 N.E.3d 1037, ¶ 36 (9th Dist.), quoting *Smith Elec. v. Rehs*, 9th Dist. Summit No. 18433, 1998 Ohio App. LEXIS 537, 2 (Feb. 18, 1998). "Documents filed against real property impact title by placing a cloud on the title," for example, the filing of a mechanic's lien satisfies the publication element. *WWSD* at ¶ 57. *See also Green* at 432 (an affidavit filed with the county recorder can potentially be actionable for slander of title).

{¶ 34} Pursuant to the case law, therefore, the element of publication in a slander- of-title claim must be satisfied by a wrongful *recording* of an unfounded claim. There is no precedent to support FBF's contention that the filing a praecipe for order of sale with the court establishes publication for purposes of slander of title.[2]

{¶ 35} FBF challenges specifically the trial court's finding that "a praecipe for Order of Sale is not recorded in the County records of the property and therefore has no consequence as to title." FBF cites the holding that "[a] cloud on a title is a defect

---

[2] *See also Whitman v. Gerson*, 1st Dist. Hamilton Nos. C-140592 and C-140595, 2016-Ohio-311, ¶ 29 ("[C]ourt filings are privileged from any tort action, and no slander-of-title claim can be based merely upon allegations in a complaint and filings, even if later found to be unsupported.").

in title 'that has a tendency even in the slight degree, to cast doubt upon the owner's title, and to stand in the way of a full and free exercise of his ownership.'" *Waker v. Lawson*, 2021-Ohio-1218, 170 N.E.3d 1264, ¶ 21 (2d Dist.), quoting *Cuspide Properties, Ltd. v. Earl Mechanical Servs.*, 2015-Ohio-5019, 53 N.E.3d 818, ¶ 27 (6th Dist.), quoting *McClure v. Fischer Attached Homes*, 145 Ohio Misc.2d 38, 2007-Ohio-7259, 882 N.E.2d 61, ¶ 13 (C.P.). These cases, however, involved mortgage and mechanics liens. While Woods Cove's filing of the praecipe for an order of sale conceivably affected the title, a slander-of-title claim requires publication, and there is no precedent to support FBF's claim that the filing of a praecipe for order of sale satisfies that element.

{¶ 36} While FBF's inability to satisfy the first element of slander of title rendered it unnecessary for the trial court to consider the other elements, the trial court went on to address the second element and found FBF also failed to demonstrate that the praecipe filed by Wood's Cove was false. For the sake of completeness, we will address this issue as well.

{¶ 37} Woods Cove was granted its own decree of foreclosure based on its tax certificate liens on December 18, 2015. The trial court confirmed the first sale on March 16, 2016, thereby raising the issue of whether Woods Cove's tax certificate liens were extinguished upon the confirmation of sale. The court, however, did not rule on the issue until February 14, 2017, *after* Woods Cove executed on its own decree of foreclosure. In the decision issued on February 14, 2017, the magistrate rejected Woods Cove's claim that it enjoyed the same super-priority lien status as

the state and its liens survived the confirmation of the first sale. The ruling was not appealed or otherwise challenged. Therefore, Woods Cove's praecipe statement would arguably be false if it was filed *after* the February 14, 2017 ruling. But Woods Cove filed the praecipe before the adjudication of the issue. The fact that Woods Cove eventually lost the argument that it had a super-priority lien status as the state does not mean Woods Cove's praecipe statement was false for purposes of slander of title when it filed the praecipe on October 28, 2016, pursuant to the decree of foreclosure granted in its favor.

{¶ 38} For the foregoing reasons, we find the second, third, fourth, and fifth assignments of error to be without merit. Given our resolution of these assignments of error, FBF's sixth assignment of error (concerning the element of malice) and seventh assignment of error (concerning the element of damages) are moot.

### C. First Assignment of Error

{¶ 39} Under the first assignment of error, FBF challenges the trial court's statement in its decision granting Woods Cove's summary judgment motion that, after the first sale, there were no attempts by AM Comp to satisfy the remainder of the outstanding tax certificates pursuant to R.C. 2329.21, which led to Woods Cove's execution on its decree of foreclosure. FBF argues that the finding of fact is irrelevant because Woods Cove's tax lien interest in the property was extinguished when the trial court entered the decree of foreclosure in favor of Plaintiff on March 11, 2015, without considering Woods Cove's liens and Woods Cove did not appeal that order.

{¶ 40} FBF's argument appears to be disingenuous because the trial court subsequently adopted the magistrate's October 27, 2016 decision amending the March 11, 2015 decree of foreclosure in favor of Plaintiff and the court found Woods Cove's tax liens had priority over Plaintiff's claims, which entitled Woods Cove to foreclosure of its lien interest.

{¶ 41} In any event, in its decision the trial court stated that AM Comp did not attempt to satisfy the remainder of the outstanding tax certificates only to explain why Woods Cove filed the praecipe for order of sale. The court eventually ruled that Woods Cove's tax lien interest was extinguished when the court confirmed the first sale. The statement challenged by FBF has no significance in the trial court's denial of FBF's slander-of-title claim. The first assignment of error is without merit.

{¶ 42} Reviewing the matter de novo, we conclude there is no genuine issue of material fact regarding FBF's failure to establish a claim for slander of title under the unique circumstances of this case. Accordingly, we affirm the trial court's judgment.

{¶ 43} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

ANITA LASTER MAYS, J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY