[Cite as *Bernard v. Christopherson*, 2024-Ohio-6016.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CHARLES BERNARD, ET AL.,                    :

      Plaintiffs-Appellees/                    :
      Cross-Appellants,

                             No. 112984

      v.                    :

THOMAS CHRISTOPHERSON, ET AL., :

      Defendants.                    :

[Appeal by Defendants-Appellants/
Cross-Appellees James E. Voos,                    :
Kristin C. Voos, and Kristin Callow Voos
Family Trust]

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN
          PART, AND REMANDED
**RELEASED AND JOURNALIZED:**  December 26, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-951490

---

### *Appearances:*

UB Greensfelder LLP, Dolores P. Garcia, and Ryan W.
Gillespie, *for appellees / cross-appellants*.

Gallagher Sharp LLP and Joseph Monroe II; Plunkett
Cooney and David L. Van Slyke, *for appellants / cross-appellees*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendants-appellants/cross-appellees (collectively "the Vooses"), Kristin Callow Voos Family Trust, owner of 282 Corning Drive ("Voos Property"), and the Voos Property residents, James E. Voos ("James") and Kristin C. Voos ("Kristin"), appeal the January 27, 2023 journal entry, ruling on multiple motions for summary judgment,[1] and the June 23, 2023 journal entry, rendering decisions regarding the remaining claims following trial. Upon review, we affirm in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.

## I.    Facts and Procedural History

{¶ 2} This appeal involves a contentious legal battle between the neighbors of Corning Drive. Although many claims, arguments, and issues were raised throughout the course of the litigation, this appeal centers around the trial court's disposition of two: the amendment of the pleadings to include claims for adverse possession and/or prescriptive easement of the Voos Property and slander of title.

---

[1] Although the Vooses attached the judgment entry ruling on the parties' motions for summary judgment in their notice of appeal, none of their assignments of error concern summary judgment. *See* App.R. 12(A)(1)(b) (establishing that appellate courts must "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16 . . . ."). Nor do the Vooses make substantive arguments regarding summary judgment in their appellate brief. Appellate courts are not advocates, and the appellant bears the burden of constructing the legal arguments necessary to support their assignments of error. *Lewicki v. Grange Ins. Co.,* 2023-Ohio-4544, ¶ 41 (8th Dist.), citing *Taylor-Stephens v. Rite Aid of Ohio*, 2018-Ohio-4714, ¶ 121 (8th Dist.), and *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 26 (8th Dist.). Therefore, the merits of the January 27, 2023 journal entry will not be addressed in this appeal.

Accordingly, our discussion is limited to the factual and procedural history relevant to those matters.

**A. The Dispute on Corning Drive**

{¶ 3} Corning Drive, located in Bratenahl, runs north to south and ends near the shoreline of Lake Erie. A 10-foot-wide path ("Access Path") leads from Corning Drive to Lake Erie and provides access to an 80 x 40-foot submerged beach ("Beach"). The Access Path runs between the two northernmost lots on Corning Drive, one of them being the Voos Property.

{¶ 4} The deeds for Corning Drive lots are dissimilar. Fifteen deeds granted an undivided 1/24th fee simple ownership interest to the Access Path and Beach ("Title Lots"). Six deeds granted a "right to use" the access path and beach until 1952, and four granted neither a 1/24th fee simple ownership interest nor a "right to use" (collectively, "Non-Title Lots"). Despite inconsistencies in the deeds, Corning Drive residents historically treated the Access Path and Beach as shared community property for all residents and their guests to use, enjoy, and maintain.

{¶ 5} Shortly after purchasing the Voos Property in spring 2020, the Vooses observed people walking along their property on more than one occasion to get to Lake Erie. The Vooses contacted title and real estate companies and began to personally research neighborhood records and county documents, including the deeds of other Corning Drive residents. At some point during their investigation, the Vooses became aware of the existence of Title Lots and Non-Title Lots.

{¶ 6} In June 2020, James sent two emails, one to the Bratenahl Village Building Department and the other to the Bratenahl Mayor, documenting the Vooses' privacy, safety, and security concerns ("June Emails"). In one email, James stated, "Upon further inquiry with Cuyahoga County, we were provided with the attached document stating all granted access to the [Access Path] and [Beach] ceased May 1, 1952." (Email to Bratenahl Village Building Department, June 19, 2020.) In the other email, James wrote, "We followed most all the other deeds back to original deeds from the [S]tandard [L]and [C]ompany that shows [a 1/24 interest in the Access Path and Beach] ends in 1952." (Email to Bratenahl Mayor, June 30, 2020.)

{¶ 7} In September 2020, a letter was written by a title officer from the Signature Title Agency with findings from his examination of the public records associated with the Voos Property ("Signature Title Letter"). The Signature Title Letter included the following sentence: "The right to use [the Access Path] shall continue only until the first day of May, 1952, at which time all such right and any easement in [the Access Path] therein granted shall cease and terminate." (Signature Title Letter, Sept. 24, 2020.) While the Vooses disagreed with portions of the Signature Title Letter, Kristin promised neighbors that she would be transparent about anything she learned. Kristin made copies of the Signature Title Letter and placed them in a brochure box on the Voos Property because she believed she "wanted to be able to share [an official document from a third party.]" (Tr. 759.)

## B. Litigation

{¶ 8} The ongoing property-rights dispute amongst Corning Drive neighbors culminated in the filing of a lawsuit in August 2021. The lawsuit was filed by 31 owners and residents of Title Lots ("Title Plaintiffs") and Non-Title Lots ("Non-Title Plaintiffs") (collectively "Plaintiffs") against other Corning Drive owners and residents, including the Vooses, and the Village of Bratenahl. Relevant to this appeal, Plaintiffs asserted four claims for relief against the Vooses: statutory waste, tortious interference with property rights, injunctive relief to prevent such tortious interference, and declaratory judgment. The factual background described the property at issue as follows: "The title for each of [the 24 Corning Drive] lots contained an undivided 1/24th interest in common in a parcel of land on the shore of Lake Erie and a ten-foot-wide strip running from the end of Corning Drive to the Beach to be used by Corning Drive residents and their guests for park purposes." (Cleaned up.) (Complaint, Aug. 12, 2021.) The complaint did not reference the Voos Property.

{¶ 9} Plaintiffs filed an amended complaint in October 2021, adding a slander-of-title claim and paragraphs describing the continuous access and use of the Access Path and Beach by owners of Non-Title Lots. The amended complaint referenced only the Access Path and Beach and did not allege any interest in the Voos Property. The Vooses filed a motion to dismiss the amended complaint, which was denied by the trial court. The Vooses then filed an answer, crossclaim, and counterclaim asserting the following claims: trespass, declaratory judgment, slander

of title, injunctive relief, unjust enrichment, common law waste, intentional infliction of emotional distress, defamation invasion of privacy, and statutory injury to shrubbery on the land of another.

{¶ 10} In September 2022, the trial court granted Plaintiffs' motion for leave to file a second amended complaint, adding a separate claim for injunctive relief to remove encroachments across the Access Path. The second amended complaint continued to reference only the Access Path and Beach and did not assert any interest in the Voos Property. The Vooses filed an answer, crossclaim, and counterclaim asserting the same factual allegations and claims.

{¶ 11} Following the trial court's ruling on cross-motions for summary judgment, the following issues remained pending between the Plaintiffs and the Vooses: Title Plaintiffs' slander-of-title and tortious-interference-with-property-rights claims; Non-Title Plaintiffs' rights to the Access Path and Beach; and the Vooses' counterclaims for trespass, defamation, false light invasion of privacy, intentional infliction of emotional distress, unjust enrichment, waste, and declaratory judgment. These issues were the subject of a bench trial that commenced on February 23, 2023.

{¶ 12} During opening statements, Plaintiffs' counsel explained:

For over 100 years, the residents and neighbors of Corning Drive have shared ownership and access to a 10-foot wide strip of land running to a beach on the shore of Lake Erie as a park for the neighborhood.
. . .

> The consistent and longstanding use over the decades now entitles even the [N]on-title [P]laintiffs to, at minimum, continued access to that park property.

(Tr. 13, 16.) Plaintiffs' counsel further acknowledged that the parties agreed that the Access Path ran between the northernmost Corning Drive lots and was outside of the Voos Property's boundary. Next, defense counsel brought the trial court's attention to "the claims that have not been raised in this case[,]" stating:

> Nowhere in the second amended complaint, the first amended complaint, or the original complaint will you see any note of prescriptive easement, adverse possession, or any claimed right to the Vooses' property. Apart from not even making those allegations in any of the pleadings in this case, there are also not facts in any of the pleadings which would support the rigorous elements of those claims.

*Id.* at 28.

{¶ 13} The bench trial concluded on March 2, 2023, after both parties presented extensive evidence and testimony, including expert reports with surveys indicating that well-worn footpaths and stairs were located outside of the Access Path and on the Voos Property. Evidence was also presented that certain Non-Title Plaintiffs paid taxes on the Access Path and Beach. Following the close of evidence and submission of exhibits, Plaintiffs orally moved to amend the pleadings to conform to the evidence in accordance with Civ.R. 15(B). The defense objected, arguing that neither adverse possession nor prescriptive easement were pled in any of the complaints and the case may have been defended differently if they knew that those would be prospective claims. The following exchange was then had:

THE COURT: It would not take a legal genius to anticipate that adverse possession and such issues might be part of the [P]laintiffs' approach in the case. Would that be fair to say?

DEFENSE COUNSEL: Well, yes and no, Your Honor, because, first of all, I'm not sure what they're claiming adverse possession of. The Voos [P]roperty? The [other northernmost] property? Or are they claiming adverse possession or prescriptive easement for the 10-foot strip? Neither of which were pled . . . .

. . .

PLAINTIFF COUNSEL: I think any representations about not being able to anticipate these claims are disingenuous, most specifically, because — obviously Ohio has a notice pleading statute and we specifically pled in all versions of the complaint that those [N]on-title [P]laintiffs had acquired an interest in the property by continuous and traditional use.

. . .

In my opening, I did say that this issue was related to [N]on-title [P]laintiffs acquiring an interest by their traditional use and said that we would be presenting evidence from the [N]on-title [P]laintiffs regarding their traditional use of the path and that they acquired a right to the path by access. So, while I may not have used the exact words, prescriptive easement . . . or adverse possession, I think it was clear in terms of what the evidence was going to be presenting that those would be issues, as they have been, throughout the course of trial. Defense counsel has specifically asked questions on cross of most of our plaintiffs regarding their use of the path specifically directed at undercutting an adverse possession or prescriptive easement claim, in addition to raising that issue in their own opening statement. So, I think the repeated representations that the basis of the [N]on-title [P]laintiffs' interest in the property being based on the traditional use and access and paying taxes on that property I think pretty clearly spells out the basis of a prescriptive easement or adverse possession claim.

*Id.* at 935-939.

{¶ 14} The trial court granted Plaintiff's Civ.R. 15(B) motion over the defense's objection and imposed a deadline to file a motion to reconsider the ruling. The parties were also to submit proposed findings of fact and conclusions of law, in which Plaintiffs again referenced only the Access Path and Beach and asserted no interests in the Voos Property. In their motion for reconsideration, the defense claimed that amending the pleadings to include adverse possession and prescriptive easement substantially prejudiced the defendants because they would have defended the claims differently. The defense explained, "Without a clear understanding of [the property] the Plaintiffs are adding the two causes of action in regard to, it is impossible to state that the [d]efendants had a fair opportunity to address and defend the claims." (Motion for Reconsideration, Apr. 3, 2023.) The defense argued that they would have offered additional witnesses to dispute the prima facie elements of those claims and the Vooses may have been provided with title insurance coverage had such claims been brought prior to the commencement of trial. *Id.* After Plaintiffs filed their brief in opposition and the defense replied, the trial court denied the motion to reconsider, stating, "Plaintiffs' Civ.R. 15(B) motion to amend their complaint to conform to the evidence at trial was reasonable and appropriate, and could not, under the circumstances, have come as a surprise to defendants' counsel." (Journal Entry, May 5, 2023.)

{¶ 15} On June 23, 2023, the trial court issued its findings of fact and conclusions of law from the bench trial. In its decision, the trial court noted that "[a]t the end of trial, pursuant to Civ.R. 15(B), plaintiffs orally moved the court to

amend the pleadings to conform to the evidence and to add Non-Title Plaintiffs' claims for adverse possession and prescriptive easement." (Journal Entry, June 23, 2023.) Finding that inquiries about adverse possession and prescriptive easement were made throughout trial, the trial court specifically indicated that defense counsel asked several Plaintiffs whether they ever spent the night on the "Beach Parcel," defined in the decision as the Access Path and Beach. *Id.*

{¶ 16} Amongst other findings of fact and conclusions of law, the trial court determined that certain Non-Title Plaintiffs "have shown by clear and convincing evidence that they have acquired an ownership interest in the Beach Parcel through adverse possession." *Id.* The trial court found that these Non-Title Plaintiffs "own an undivided 1/24th interest in the Beach Parcel[,] . . . the historically-used footpaths, the areas where the stairs are located[,] and the lakefront" as identified in Plaintiffs' and defendants' expert survey reports. *Id.* The trial court also concluded that Plaintiffs failed to prove their slander-of-title claim because the Vooses "did not publish a slanderous statement requisite to maintain a slander-of-title claim." *Id.* The trial court found that the June Emails and Signature Title Letter were not "overt acts analogous to the recording of documents typically seen in Ohio slander-of-title cases." *Id.*

{¶ 17} The Vooses appealed, raising three assignments of error for review:

**Assignment of Error No. 1**

Plaintiffs should not have been granted leave to amend the pleadings to conform to the evidence on the fifth day of trial after the close of evidence.

### Assignment of Error No. 2

None of the Plaintiffs . . . established any of the required elements to support a claim for adverse possession.

### Assignment of Error No. 3

Even if [adverse possession was] established . . ., there is no defined limitation.

Plaintiffs also filed a cross-appeal, raising a single assignment of error for review:

### Cross-assignment of Error No. 1

The trial court erred as a matter of law when it determined that slander of title requires an act analogous to the recording of documents.

## II.   Law and Analysis

### A. Civ.R. 15(B)

{¶ 18} In their first assignment of error, the Vooses argue that the trial court abused its discretion when it granted Plaintiffs leave to amend their pleadings to include adverse possession and/or prescriptive easements on the fifth day of trial after the close of evidence.  Notably, the Vooses' assignment of error challenges the ruling on the basis that the Voos Property "was never at issue in the two plus years of litigation."  The Vooses assert that the complaints only sought rights over the Access Path and Beach, neither of which are in the boundary of the Voos Property.

{¶ 19} We review a trial court's ruling on a Civ.R. 15(B) motion to amend pleadings for abuse of discretion.  *Professional Solutions Ins. Co. v. Novak, L.L.P.*, 2020-Ohio-4829, ¶ 37 (8th Dist.), citing *Caruso v. Leneghan*, 2014-Ohio-1824, ¶ 103 (8th Dist.).  A trial court abuses its discretion if its decision was unreasonable,

arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 20} Civ.R. 15(B) provides:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

{¶ 21} The Ohio Supreme Court explained the rule's parameters as follows: "It is axiomatic that cases are to be decided on the issues actually litigated at trial. Although Civ. R. 15 allows for liberal amendment of the pleadings toward that end, the rule will only apply when, as stated therein, the amendment would 'conform to the evidence' and when the issue is tried by either the 'express or implied consent of the parties.'" *State ex rel. Evans v. Bainbridge Twp. Trustees*, 5 Ohio St.3d 41, 44 (1983). To determine whether the parties impliedly consented to litigate an issue, courts consider various factors, including "whether they recognized that an unpleaded issue entered the case; whether the opposing party had a fair opportunity to address the tendered issue or would offer additional evidence if the case were to

be retried on a different theory; and whether the witnesses were subjected to extensive cross-examination on the issue." *Id.* at paragraph one of the syllabus.

{¶ 22} The Ohio Supreme Court further explained that "implied consent is not established merely because evidence bearing directly on an unpleaded issue is introduced without objection. Rather, it must appear that the parties understood the evidence was aimed at the unpleaded issue." *Id.* at 46. Nor may an issue be tried by implied consent if substantial prejudice to a party would result. *Id.* at 45. Indeed, the trial of unpleaded issues by implied consent is not lightly inferred considering the requirements of procedural due process. *In re J.Q.-P.*, 2024-Ohio-661, ¶ 29 (8th Dist.), citing *Meilen v. Meilen*, 2013-Ohio-4883, ¶ 24 (10th Dist.). This court held that while a plaintiff is not bound by any particular theory of recovery, a plaintiff is bound by the facts asserted in the complaint. *Kavalec v. Ohio Express, Inc.*, 2016-Ohio-5925, ¶ 19 (8th Dist.), citing *Allied Erecting Dismantling Co. v. Youngstown*, 2002-Ohio-5179, ¶ 75 (7th Dist.).

{¶ 23} In this case, the record reflects that the Vooses did not expressly consent to the issues of whether the Voos Property was subject to adverse possession or prescriptive easement. When the subject of amending the pleadings to include adverse possession and prescriptive easement was raised for the first time following the trial, the Vooses objected to the amendment and filed a motion for reconsideration of the trial court's granting of Plaintiffs' oral Civ.R. 15(B) motion.

{¶ 24} Nor did the Vooses impliedly consent to litigate these issues with respect to the Voos property. The record further reveals that (1) Plaintiffs did not

assert factual allegations in the complaint consistent with adverse possession nor prescriptive easement of the Voos Property and (2) the Vooses did not have a fair opportunity to address the theory of adverse possession as it relates to the Voos Property at trial. Rather, Plaintiffs continued to refer only to the Access Path and Beach, not only throughout each of the complaint's amendments but also in their proposed findings of fact and conclusions of law following trial. As raised in their motion for reconsideration, the Vooses could not have addressed or defended adverse-possession or prescriptive-easement claims against the Voos Property absent a clear understanding that Plaintiffs' were making such claims regarding that property. The Vooses argue that if they had known that the Voos Property was subject to adverse possession, they would have offered additional witnesses or sought coverage under their title insurance policy. Under these circumstances, we decline to find that the Vooses gave their implied consent to amend the complaint to include the Voos Property. Accordingly, the trial court abused its discretion when it amended the pleadings to include adverse possession and/or prescriptive easements of the Voos Property as potential theories of recovery.

{¶ 25} We note that our decision is limited to the adverse possession of the Voos Property. Because the Vooses do not challenge the amendment of the pleadings as it relates to the adverse possession nor prescriptive easement of the Access Path or Beach on appeal, we decline to review such matters and do not disturb the aspects of the June 23, 2023 journal entry that disposes of various claims and issues concerning those pieces of property.

{¶ 26} We further note that the Vooses' second and third assignments of error challenge the trial court's finding that Plaintiffs adversely possessed the Voos Property. The Vooses again do not challenge the trial court's decision regarding Plaintiffs' adverse possession of the Access Path or Beach. Because we reverse the trial court's decision regarding the adverse possession of the Voos Property, their second and third assignments of error are rendered moot.

**B. Slander of Title**

{¶ 27} In their cross-assignment of error, Plaintiffs argue that the trial court erred as a matter of law when it determined that slander of title requires an act analogous to the recording of documents. Plaintiffs claim that the Vooses are liable for slander of title because they published false statements by sending the June Emails and distributing the Signature Title Letter, which stated that all rights to the Access Path and Beach expired in 1952. Plaintiffs assert that the June 23, 2023 journal entry erroneously concludes the Vooses did not publish slanderous statements because the June Emails and Signature Title Letter were not recorded. Plaintiffs assert that the trial court applied "a very narrow definition of 'publication'" and that this "heightened requirement is unsupported in law."

{¶ 28} An appellate court generally reviews a judgment following a bench trial under a manifest-weight standard of review, guided by a presumption that the trial court's findings are correct. *Adams v. Relmax*, 2018-Ohio-1751, ¶ 9 (8th Dist.), citing *3637 Green Rd. Co. v. Specialized Component Sales Co.*, 2016-Ohio-5324, ¶ 19 (8th Dist.). However, the trial court's determination of an issue based upon a

question of law is reviewed de novo, with error providing a legitimate ground for reversal. *Id.*, citing *id.*

{¶ 29} To prevail in a slander-of-title claim, a plaintiff must prove four essential elements: "'(1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages.'" *N. Royalton Court Condo. Owners' Assn. v. Stadul*, 2024-Ohio-1280, ¶ 27 (8th Dist.), quoting *Green v. Lemarr*, 139 Ohio App.3d 414, 430 (2d Dist. 2000). This court recently held that the element of publication "must be satisfied by a wrongful *recording* of an unfounded claim." (Emphasis in original.) *Id.* at ¶ 34.

{¶ 30} Here, Plaintiffs do not challenge the trial court's finding that the Vooses did not record the June Emails nor the Signature Title Letter containing the purportedly slanderous statements. Rather, they argue that "there is no requirement under Ohio law that the Vooses needed to make [their] slanderous statements in a recorded document or any other instrument analogous to a recording to meet the 'publication' element.'" Because Plaintiffs' argument is contrary to current precedent and our decision in *N. Royalton Court Condo. Owners' Assn.*, we find it to be without merit. Accordingly, the trial court did not err in finding that Plaintiffs failed to satisfy the first element of their slander-of-title claim because the Vooses did not record a slanderous statement, as required to establish "publication."

**{¶ 31}** Accordingly, Plaintiffs' single cross-assignment of error is overruled.

**{¶ 32}** Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with his opinion. Specifically, we affirm the trial court's judgment finding that Plaintiffs failed to prove their slander-of-title claim and reverse only the segments of the January 27, 2023 journal entry determining that certain Non-Title Plaintiffs adversely possessed any portion of the Voos Property, i.e., "the historically-used footpaths, the areas where the stairs are located and[,] the lakefront." *See* Journal Entry, pg. 22. We do not disturb the remainder of the decision, including the trial court's determination that those Non-Title Plaintiffs adversely possessed the Access Path and Beach.

It is ordered that appellants/cross-appellees recover from appellees/cross-appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MICHAEL JOHN RYAN, J., CONCUR